## OGDEN *vs.* RAYMOND.

Where, in an action of *assumpsit*, to recover for services in school-teaching, the defence was, that the services in question were rendered for a school district in the state of New York, in pursuance of a contract between the plaintiff and the trustees of such district, of whom the defendant was one; it was held, that evidence tending to prove that the defendant contracted individually, with the plaintiff, and not in the character of a public officer, was admissible.

The trustee of a school district, who derives his official character from the general law, and the election of the people of a particular district, is a public officer.

Where a person, who assumes to contract, in the name of another, as his agent, discloses all the facts, touching his supposed authority, or all which may be fairly inferred from his situation, he can not be held liable, on such contract, especially if he provides against his personal liability in any event, unless he is guilty of fraud, or false representations; and, even then, he is not *necessarily* liable, on the contract itself.

An agent, acting either in a public or private capacity, even though he does not so contract, as to give a cause of action elsewhere, does not necessarily render himself personally liable.

Therefore, where the defendant, in such action, claimed, that, in contracting with the plaintiff, he acted as one of the trustees of a school district in the state of New York; that, by the laws of said state, he was a public agent, and could not be holden personally liable, unless, in making such contract, he was guilty of fraud, or misrepresentation, or expressly contracted, on his own personal responsibility; and the judge in-

structed the jury, that a public agent is one who acts for the government, and not an individual or a private corporation, and that, in the present case, the defendant could not be considered a public agent; and that, if he had not so made the contract, as the law requires, and so that there could be a remedy over, he was personally liable; it was held, that such charge was incorrect.

THIS was an action of *assumpsit.* The declaration contained two counts, one of which was general. The other alleged, that, on or about the first day of April, 1850, the defendant was indebted to the plaintiff, in the sum of fifty dollars, for labor and services before that time by the plaintiff done and rendered, in teaching school in a certain district in Pound Ridge, county of Westchester and state of New York, at the special instance and request of the defendant. The cause was tried at Fairfield, before the county court, August term, 1852.

On the trial to the jury, the plaintiff introduced witnesses, and offered, in evidence, the statute laws of the state of New York, relative to common schools, and the judicial decisions of said state, to prove the character in which the defendant contracted for the services of the plaintiff. To the admission of this evidence, the defendant objected, on the ground that it did not support, and was not admissible to prove, either count in the declaration; that the evidence showed an employment, by the trustees of a school district, for which they were liable to be sued, as a corporation, and the action could be maintained against them, only in their corporate capacity; that the defendant was a public agent, and not liable to be sued personally, for services rendered to the district; and that if the defendant was liable at all, he could only be sued as a trustee, in his official character.

The plaintiff claimed, that the evidence was admissible, to show that the defendant contracted with him, in his individual capacity, and on his own responsibility; and, that he was personally liable, though, in so contracting with him, he acted as a trustee, and did not so act as by law to give the plaintiff any remedy for his wages, against the other

trustees, nor against any other person or persons. The defendant further claimed, that he made the contract with the plaintiff, as the trustee of such school district, and that in such capacity, and in making such contract, he was, by the laws and decisions of said state, a public agent, and could not be holden personally liable, unless, in making such contract, he was guilty of fraud or misrepresentation, or expressly contracted on his own personal responsibility; and asked the court to instruct the jury, that, if they should find that he was, by the laws of New York, such public agent, and made the contract in his official capacity, as trustee, and without fraud, misrepresentation, or express promise to be bound, or an intention to be bound, he was not personally liable, nor liable in this action.

The plaintiff denied that the defendant, as such trustee, and in making such contract, was a public agent, and claimed, that, unless the defendant so acted, as to give a remedy somewhere else, he was personally responsible, and liable in this action, and prayed the court so to instruct the jury.

The court charged the jury, in conformity with the claim of the plaintiff, that the plaintiff must have a claim somewhere,—that a public agent is one who acts for the government, and not an individual or private corporation, and that, in this case, the defendant could not be considered a public agent, in the strict sense of the law,—and, if he had not so made the contract as the law requires, and so as that there could be a remedy over, he was personally liable.

The plaintiff having obtained a verdict, the defendant filed a bill of exceptions, and by motion in error, brought the case before the superior court, where it was reserved for the advice of this court.

*Butler* and *Carter*, for the motion, contended, 1. That the testimony offered by the original plaintiff, should have been excluded. The declaration was against Ogden, in his individual capacity, and the claim of the plaintiff was, that he was personally liable; because, although the trustees

were a corporation, and although he made the contract, in the name and behalf of the corporation, he did not so make it, as to bind the corporation ; and, if it clearly appeared, by the testimony, that he did make the contract, as a corporator, and so as to bind the corporation, the testimony does not support the declaration, or prove the issue, but, on the contrary, disproves it. Trustees are clothed with peculiar powers, for the benefit of the district, and their own protection.

2. That the defendant was a public agent, performing a public duty, imposed by law, and, if that duty was performed, he was not personally liable, unless he superadded his personal responsibility. The court should have so charged the jury ; and the plaintiff might have sought redress, by appeal, or by action against the corporation.

3. That the court erred, in refusing to charge, that the trustees were bound by the contract, if they did not dissent from it. *Palmer* v. *Vandenbergh*, 3 Wend., 197. *Stackpole* v. *Arnold*, 11 Mass., 34. 1 Green. Ev., 230. Chit. on Con., 24. Sto. Eq., 299. *Johnson* v. *Smith*, 21 Conn. R., 627.

*Hawley*, against the motion, contended, 1. That the testimony was admissible ; for it conduced to prove what the plaintiff claimed.

2. If Ogden did not so contract, as to bind the other trustees, he is personally liable ;—whether Raymond did or did not know, that he was professedly employing him, on behalf of the district. 1 Sw. Ev., 330. *Gill* v. *Brown*, 12 John., 385. 15 John., 281. *Meech* v. *Smith*, 7 Wend., 315. *Sterling* v. *Peet*, 14 Conn. R., 245.

3. There was no necessity for suing the defendant, as a trustee ; and, if he had so contracted as to bind his co-trustees, and so that the plaintiff could have sued the whole, as he had not pleaded the non-joinder in abatement, he could not now take the exception.

4. With regard to the laws of New York, they were facts,

to be found; and the finding upon them can not be assigned as error.

ELLSWORTH, J. The first question is, the admissibility of evidence, to prove the character in which the defendant contracted for the services of the plaintiff,—whether individually, or as a public officer. On this point, we think the ruling of the court is not subject to objection. The evidence conduced to establish the point, for which it was offered, and that was sufficient to make it admissible.

In the next place, the defendant claimed, that he made the contract, as a public agent, and therefore was not personally liable, unless indeed, in making the contract, he had been guilty of fraud, or misrepresentation, or had superadded his personal engagement. The plaintiff, on the other hand, claimed that the defendant did not contract, as a public agent, and furthermore, at all events, must be liable, unless he contracted in such a manner, " as to give the plaintiff a remedy somewhere else." The court ruled, in conformity to the claim of the plaintiff; and herein, we think, entertained an erroneous view of the law. The court held, that, in point of law, the defendant was not a public agent, and could not be classed with public agents, who are presumed, while acting in public business, to act in an official capacity. We do not readily apprehend, why the defendant, deriving his public and official character from the general law and the election of the people of a given district, under the law, may not be held to be a public agent, as much as if he were the agent of the state, immediately, or of a county, town, society or school district. Wherein is the difference? All derive their power from the same source, parceled out, only to be exercised in different jurisdictions, and for different purposes. Such, we understand to be the doctrine of our courts, as held in *Adams* v. *Whittlesey*, 3 Conn. R., 564; *Perry* v. *Hyde*, 10 Conn. R., 338; *Sterling* v. *Peet*, 14 Conn. R., 248; *Johnson* v. *Smith*, 21 Conn. R.,

627. And the same is the law in New York. *Olney* v. *Wickes*, 18 John., 124. Often has it been held, that selectmen, and other kindred officers, are public agents, officers of the law, though elected by their respective towns and districts.

We think, likewise, upon the second point made, that it does not follow, that an agent, acting either in a public or private capacity, is, *of necessity*, made personally liable, although he does not give a cause of action against some one else. We believe the law to be, that, if a person assumes to act and enter into contracts, in the name of another, as his principal, and does this, with an honest intent, openly, and fully disclosing all the facts touching his supposed authority, or which may be fairly implied, from his situation, and especially, if he provides against his personal liability, in any event, he can not he held liable, unless he be guilty of fraud or false representation; and even then, he is not necessarily liable on the contract itself. Story, in his treatise on Agency, page 322, says : " It seems clear, that, in no case can an agent be sued, on the very instrument itself, as the contracting party, unless there are apt words therein, so to charge him ; thus, if a person, acting as agent for another, should, without authority, or exceeding his authority, make and execute a deed, in the name of his principal, and not in his own name, the agent would not be liable thereon, although it would not bind the principal." The same was held in *Douriman* v. *Jones*, 9 Jurist, 454. *Polhill* v. *Walter*, 3 Barn. & Adolph., 114. The same doctrine was asserted in Massachusetts, in *Long* v. *Colburn*, 11 Mass., 97. *Ballou* v. *Talbot*, 16 Mass., 461 ; and the same in Penn., in *Hopkins* v. *Mehaffy*, 11 Serg. & R., 129. The cases in New York are somewhat different, but, we think, there is no question, but that the rule laid down by Judge Story, is the rule of our courts. We would especially refer to the cases to be found in 1 Am. L. C., 432, and a later case in the 12 Eng. L. & E., 433.

Ogden *v*. Raymond.

We are aware, that it is not unfrequently laid down, as a rule of law, that, if an agent does not bind his principal, he binds himself; but this rule needs qualification, and can not be said to be universally true or correct, as the cases already cited, abundantly show. If the form of the contract is such, that the agent personally covenants, and then adds his representative character, which he does not, in truth, sustain, his covenant remains personal and in force, and binds him, as an individual; but if the form of the contract is otherwise, and the language, when fairly interpreted, does not contain a personal undertaking or promise, he is not personally liable; for it is not *his* contract, and the law will not force it upon him. He may be liable, it is true, for tortious conduct, if he has knowingly or carelessly assumed to bind another, without authority; or, when making the contract, has concealed the true state of his authority, and falsely led others to repose in his authority; but, as we have said, he is not, of course, liable on the contract itself, nor, in any form of action whatever. The question in these cases, will be found to be one of construction of the language and meaning of the person who attempts to act for another, and is a question often attended with very great difficulty and doubt; but when the intention is ascertained, that intention should ever be the rule for deciding whose contract it is. The cases are exceedingly conflicting, and unsatisfactory, though they contain some principles universally acquiesced in. If the agent is acting in public business, and enters into a contract, for the benefit of the public, he is presumed to act in his official capacity, as in *Hodgson* v. *Dexter*, 1 Cranch, 345; but, if he is acting in private business, there is no presumption for or against, and he is, or is not, liable, according to the language used. The county court held, that the defendant did not bind those for whom he apparently acted, and was therefore, of necessity liable himself. This is not correct.

We have no occasion to comment on other facts of the case, although we think, that, in a subsequent part of the charge, there is some obscurity in the language employed in instructing the jury ; but we do not think it necessary to go into the question ; for we mean to place our decision upon the errors already pointed out.

In this opinion, the other judges concurred.

Judgment to be reversed.