ELISHA ATKINS and another *vs.* A. D. BROWN.

*Pleading. Promissory note — construction of. Money paid — what will support.*

A promissory note of the tenor,— "Portland, Aug. 29, 1863. One month after date, we promise to pay to the order of E. Atkins & Co., four hundred and forty-four dollars. Value received. Augusta Shovel Co. A. D. Brown, Pres."—will not sustain a count against A. D. Brown alone, describing it as his note or as the joint and several note of the Augusta Shovel Co. and A. D. Brown.

The defendant originally owning three-fifths, after purchasing the remaining stock of the Augusta Shovel Co., gave to the plaintiffs a note of the following tenor,—"Portland, Aug. 29, 1863. One month after date, we promise to pay to the order of E. Atkins & Co. four hundred and forty-four dollars. Value received. Augusta Shovel Co. A. D. Brown, Pres.,"— which being discounted at a bank, Brown paid one hundred dollars on it, and on Dec. 18, 1863, wrote the plaintiffs requesting them to allow on the note a balance of account due him, for property of the Shovel Company, purchased of him by the plaintiffs, and "to take up the note and we can arrange the balance when I see you. I have written the cashier that you will take care of the note." Upon receipt of the letter, the plaintiffs took up the note, and the defendant subsequently promised to pay them. *Held*, that the evidence sustained a count for money paid.

ON REPORT.

ASSUMPSIT, the declaration containing the following counts:

1. "For that said defendant, at Portland, on the 29th day of August, A. D. 1863, by his note of hand of that date, by him signed, for value received, promised the plaintiffs to pay them, or their order, four hundred and forty-four dollars and twenty-nine cents, in one month after date; yet though often requested, he has not paid the same.

2. "Also, for that said defendant, at Augusta, on the day of the date hereof, being indebted to the plaintiffs in the sum of three hundred and fifty dollars, for so much money before that time, had and received by the defendant to the use of the plaintiffs, and for the same sum paid, laid out and expended by the plaintiffs, at the request and for the benefit of the defendant, then and there, in consideration

Atkins *v.* Brown.

thereof, promised the plaintiffs to pay them the same sum on demand; yet, though often requested, he has not paid it, but neglects and refuses to do so.

3. "Also, for that the defendant and the Augusta Shovel Company at Portland, on the 29th day of August, 1863, by their promissory note of that date, by them signed, for value received, jointly and severally promised the plaintiffs to pay them or their order, four hundred and forty-four dollars and twenty-nine cents, in one month after date; yet though often requested, neither the defendant nor the Augusta Shovel Company has ever paid the same, but neglects and refuses so to do.

The note declared on and produced as evidence to support the first and third counts, was of the following tenor:

"$444.29.                                   PORTLAND, Aug. 29, 1863.

One month after date, we promise to pay to the order of E. Atkins & Co. four hundred and forty-four dollars and twenty-nine cents. Value received.                          AUGUSTA SHOVEL CO.

A. D. BROWN, *Pres.*"

It appeared that the note was given by the defendant to the plaintiffs, for the debt of the company, and discounted at Freeman's Bank.

Oct. 29, 1863, the defendant wrote the plaintiffs, "I will take care of note in a few days."

Dec. 1, 1863, he wrote to them, "I paid in at Freeman's Bank on our note the day I was there."

Dec. 18, 1863, he wrote them, "I paid $100 on the note, when at Augusta, to the cashier. Will you collect the balance of Baker & Co. (suppose you are one), and take up the note, and we can arrange the balance when I see you. I have written the cashier you will take care of the note. Amount of note $444,—cash of A. D. B., $100 = $344 — $153 (you owe me) = $191 balance to pay."

There was a memorandum on the note as follows: "Bal. paid by E. Atkins, Dec. 24, $350.47."

It appears that the plaintiffs paid the note the latter part of December or fore part of January, and that the defendant repeatedly promised to pay the balance paid by the plaintiffs after deducting the amount of shafting which Brown sold to the plaintiffs, and formerly belonging to the Shovel Company, amounting to $146.72.

On the part of the defense it appeared that the Augusta Shovel Company was organized Oct. 13, 1860; that Brown was president, owning three-fifths of the stock; that as president he was chief manager, and was authorized to sign notes and negotiate its business; and that the defendant, some time after 1862, bought in all the stock.

The case was withdrawn from the jury and reported to the full court, who were to render judgment for the plaintiffs or defendant, as the law required.

J. Baker, for the plaintiffs.

A. Libbey, for the defendant, applying the test laid down in Bradlee v. Boston Glass Co., 16 Pick. 347, contended that the note was that of the company and cited R. S. c. 1, Rule XXI, § 4; Andrews v. Estes, 11 Me. 267; Dyer v. Burnham, 25 Me. 1; Rogers v. March, 33 Me. 106; Kidder v. Knox, 48 Me. 551.

BARROWS, J. The plaintiffs cannot recover on either of the counts upon the note. In the first count it is described as the individual note of the defendant; in the third, as the joint and several note of the Augusta Shovel Co. and the defendant. If it could be construed as a note upon which the defendant was originally liable at all, he must have been liable upon it only jointly with the Augusta Shovel Co. The note cannot be said to be correctly described in either of these counts, and therefore will not support either of them. If it had been correctly described in a count setting it forth as the joint note of the Augusta Shovel Co. and the defendant, perhaps it might have been said that the non-joinder of the Shovel Co. could only be pleaded in abatement, and the only question under the general issue would be whether the defendant had made him-

self personally liable as a joint promisor by his signature. But to make the note admissible under either of those counts, it should have been correctly described according to its tenor or its legal import.

Had it been described as the joint note of the Augusta Shovel Co. and the defendant, the case of *Draper* v. *Mass. Steam Heating Co.*, 5 Allen, 338, is an authority which it would be difficult for the plaintiffs to overcome, although we might think, as did the court in that case, that "it would have been better if the name of the principal had been inserted in the body of the contract, or if the word 'by' had preceded the defendant's name in the signature."

It remains for us to examine the evidence offered in support of the count for money paid. Whatever the true construction of the original note may be, it was competent for the defendant, if he saw fit, to request the plaintiffs to take that note up at the bank upon his own individual account and responsibility and for his accommodation, and this he seems to have done. Upon the uncontradicted testimony in the case, we find that before the note was given, the defendant, originally the owner of three-fifths, had bought up all the remaining stock of the Augusta Shovel Co., so that if the note was to be paid at all, it made no difference to him pecuniarily whether he or the company paid it; that the company had sold the principal part of their property to the Portland Shovel Manufacturing Co., and the defendant had removed to Portland, from whence under these circumstances he wrote a few weeks after the note matured requesting, over his own signature, these plaintiffs to take up that note which had been discounted at the bank and to allow upon it the amount which he claims as due him for property of the A. S. Co. which the plaintiffs had purchased of him (amounting, as he states it in his letter, to $153, and as the plaintiffs state it in the testimony to $146.72), and promising in substance to pay the balance to the plaintiffs. It appears that upon the reception of this letter the plaintiffs did take up the note Dec. 24, 1863, paying at the bank $350.47, and that the defendant in subsequent conversations with one of the plaintiffs repeatedly promised to pay the sum

they had thus paid out at his request less the amount they had received in goods of the Shovel Co. as above stated.   We think this evidence sustains the count for money paid on this note, and that there should be        *Judgment for plaintiffs for $203.75, and interest from Dec. 24, 1863.*

APPLETON C. J.;  CUTTING, KENT, DANFORTH, and TAPLEY, JJ., concurred.