MATILDA B. MILLER *vs.* JOHN ROACH.

Berkshire.    September 10, 1889. — November 26, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Promissory Note — Signing by Corporation — Corporate Seal — Agent.*

A promissory note reciting in the body thereof, " we promise to pay," but with nothing there to indicate to whom " we " referred, bore upon its face, in the usual place of signing, the name " John Roach," beneath which was written " Treasurer," and had in addition the impression stamped upon it of a large circular corporate seal, around the outer edge of which appeared in print, the " New York Skating Rink Construction Company," and in the centre of it " Incorporated 1884," so placed that the circumference passed through the final letter of " Roach " and through the word " Treasurer." *Held,* that the note was the note of the company.

KNOWLTON, J.   This is an action of contract brought by the payee of a promissory note in the usual form, containing the words " we promise to pay," with nothing in the body of the note to indicate who are meant by the word " we."   On that part of the note where the signature is usually found, there is stamped a large circular corporate seal, upon the face of which, in a circle near its outer edge, appear in print the words, " New York Skating Rink Construction Company," and in the centre of it the words, " Incorporated 1884."   A little to the left, and below the centre of the seal, in such position that the circumference passes through the last letter of the word " Roach " and also through the word " Treasurer," are written the words " John Roach, Treasurer," the word " Treasurer " being placed beneath the surname ; and the question is, whether this is the note of the defendant or of the corporation.   The answer to this question depends upon whether it fairly appears that John Roach, in signing it, acted as the agent of the corporation.

The case is peculiar in the use of the corporate seal.   If the words which appear on the face of the seal had been written in their place on the note and had been followed by the words " John Roach, Treasurer," there would have been no doubt that they were so written as the signature of the corporation appended by its treasurer.   *Draper* v. *Massachusetts Steam*

*Heating Co.* 5 Allen, 338.   That mode of signing is common among corporations.   And if the words had been affixed in print by a stamp designed to be used in signing the corporate name, and a blank space had been left in which the treasurer's name was afterwards inserted by him in his own handwriting, the result would have been the same.   We think it makes no difference that the name of the corporation impressed upon the paper was so impressed by the corporate seal, which is ordinarily used only in connection with a corporate act of signing.   We are of opinion that the paper should be treated as a promissory note signed with the signature of the corporation affixed by its treasurer, who for convenience in affixing it used a stamp, except in that part which contained for verification his own name and official designation.   See *Mann* v. *Chandler*, 9 Mass. 335 ; *Fuller* v. *Hooper*, 3 Gray, 334 ; *Carpenter* v. *Farnsworth*, 106 Mass. 561 ; *Chipman* v. *Foster*, 119 Mass. 189.

*Exceptions overruled.*

*M. E. Couch*, for the plaintiff.
*C. J. Parkhurst*, for the defendant.