THOMAS REEVE, PLAINTIFF IN ERROR, v. FIRST NATIONAL BANK OF GLASSBORO, N. J., DEFENDANT IN ERROR.

1. Where nothing appears in the body of a note to indicate who is the maker, and it is signed by a person who affixes to his name an official title as officer of a corporation, the note is *prima facie* that of the person so signing; but it is so far ambiguous, in respect to the question whether the officer or the corporation is the maker, that parol testimony is admissible to settle it. If, however, the note is signed by the corporate name, followed by the name of a corporation officer, who affixes to his name his official title, such note is conclusively taken to be corporation paper.

2. A promissory note made in this form, "We promise to pay to the order of ——— the sum of ———," and signed, "WARRICK GLASS WORKS, J. PRICE·WARRICK, *Prest.*," is the note of the corporation, and not the note of Warrick, or the joint note of Warrick and the corporation.

On error to the Supreme Court.

For the plaintiff in error, *John J. Crandall.*

For the defendant in error, *Lewis Starr.*

The opinion of the court was delivered by

REED, J. This cause was tried at the Gloucester Circuit. The action was brought upon certain promissory notes, of which the following is a copy:

"GLASSBORO, N. J., Dec. 18, 1890.

"$97.70/100

"Three months after date we promise to pay to the order of Thos. Reeve at the First National Bank of Glassboro

ninety-seven and 70/100 dollars without defalcation value received.

"WARRICK GLASS WORKS,
"J. PRICE WARRICK, *Prest.*"

Two additional notes, one for $90.80 and another for $140.10, were in the same form; each was endorsed by the payee and held for value by the First National Bank of Glassboro.

At maturity, a demand of payment was made at the bank upon the Warrick Glass Works, payment refused and notice of protest duly given to Reeve, the payee and endorser.

The defence interposed by the defendant's counsel was, that the note was signed by the Warrick Glass Works and by J. Price Warrick as joint makers; that demand of payment should have been made upon each of the joint makers, and, therefore, it was insisted that the failure to make a demand upon Warrick relieved the endorser from liability.

The only facts proved in the case, bearing upon the question mooted, were, that the note was given by the corporation for feed furnished, and that J. Price Warrick was the president of the company.

At the conclusion of the plaintiff's case a motion to non-suit was made and overruled. This action of the trial court was the subject of the only material exception.

We are of opinion that the refusal to non-suit was correct.

The note was that of the Warrick Glass Works alone. The demand of payment was properly made upon the corporation only. The cases in which the liability of parties to paper similar to this are not uniform in their results. Indeed, great contrariety of views can be found in the decisions upon this question. A detailed examination of those cases would not result in much profit.

The result of the best considered decisions is this: Where nothing appears in the body of a note to indicate the maker, and the note is signed by a corporate name, under which name appears the name of an officer of the company, with his corporate official title affixed thereto, in such case the note is

taken conclusively to be that of the corporation ; where, however, a note drawn in a similar form, except as to the signatures, is subscribed by the name of an officer of a corporation, to which name is affixed his title as an officer of a particular corporation, the result is not the same. In respect to notes drawn in the last-mentioned form, the courts in most of the states hold that there is an ambiguity arising out of this manner of coupling the names of the natural person and of the corporation.

It is, therefore, open to the parties to introduce extrinsic testimony, to disclose facts, from which it can be concluded which of the parties should be regarded as the maker.

In this state the rule is, that a note drawn in this form is *prima facie* the note of the person signing, and not the note of the corporation ; but this is only a disputable presumption, and, upon the ground of an existing ambiguity concerning the maker, evidence is admissible to show that it was intended to be the note of the corporation, which evidence can, of course, be met with counter evidence of the same character.

This rule was definitely settled in the case of *Kean* v. *Davis*, 1 *Zab.* 683. In this case a note was signed John Kean, Prest. F. & S. S. R. R. Co.

It was held to be *prima facie* the note of Kean, but it was held that parol evidence might be introduced to show whether it really was the personal note of the officer or was the note of the railroad company.

If, therefore, the present notes had been signed J. Price Warrick, President of the Warrick Glass Works, it, in the absence of parol testimony to show a contrary intention, would be regarded as the note of Warrick.

As the notes are signed with the name of the corporation, followed by the words J. Price Warrick, President, they are taken to be corporation paper. This conclusion seems to rest upon rational ground. The name of the corporation signed first stands as a principal, and that of the officer as agent.

The name of a corporation so placed raises the implication of a corporate liability. To so place it requires the hand of

an agent. The name of an officer of such corporation, to which name the official title is appended, put beneath the corporate name, implies the relation of principal and agent. It means, that inasmuch as every corporate act must be done by a natural person, this person is the agent by whose hand the corporation did the particular act.

This form of signature is just as significant in respect to the notes in question as if the name The Warrick Glass Works had been written " per Warrick, agent."

The following are cases in which notes similar in form to those now in suit have been held to be solely the notes of the corporation whose name first appeared, followed by the name of an officer. *Bean* v. *Pioneer Mining Co.*, 66 *Cal.* 451; *Atkins* v. *Brown*, 59 *Me.* 90; *Castle* v. *Belfast Foundry Co.*, 72 *Id.* 167; *Miller* v. *Roach*, 150 *Mass.* 140; *Draper* v. *Massachusetts Steam Heating Co.*, 5 *Allen* 338; *Liebscher* v. *Kraus*, 74 *Wis.* 387.

I do not perceive any significance in the use of the words " we promise to pay " instead of " the company promises to pay." The contention was that the use of these words raised an implication that it was the joint note of the corporation and of Warrick. But, as has been remarked in more than one of the cases cited, in which the notes contained a promise in like form, the word " we " is often used by a corporation aggregate. *Draper* v. *Massachusetts Steam Heating Co.*, *supra*; *Bean* v. *Pioneer Mining Co.*, *supra*; *Rand. Com. Paper*.

Our conclusion is that demand was made upon the only maker, and, therefore, the refusal of the trial judge to non-suit was right.

Judgment affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, MAGIE, REED, VAN SYCKEL, BOGERT, BROWN, CLEMENT, KRUEGER, SMITH. 11.

*For reversal*—None.