HENRY S. TERHUNE v. JOHN W. PARROTT ET AL.

1. An endorsement of a note in the following form, "J. W. Parrott, President of Long Branch Hotel and Cottage Co.," imports *prima facie* the personal liability of J. W. Parrott.

2.  A summons and declaration naming "John W. Parrott, President of
    the Long Branch Hotel and Cottage Company," as the defendant,
    indicate John W. Parrott individually as the defendant, in the absence
    of evidence that the company is suable in the name of its president.

On contract.  On motion to set aside a judgment by default.

Argued at June Term, 1896, before Justices DIXON and
LUDLOW.

For the motion, *John W. Parrott, pro se.*

The opinion of the court was delivered by

DIXON, J.  A summons was issued against John W.
Parrott, president of the Long Branch Hotel and Cottage
Company, and in the declaration the defendant was similarly
named and described.  The schedule annexed to the declara-
tion showed that "J. W. Parrott, President of Long Branch
Hotel and Cottage Co.," had become second endorser of a
promissory note held by the plaintiff.  No plea having been
filed, the plaintiff took judgment by default, and in the rule
for judgment the title of the cause designates John W. Par-
rott, without any addition, as the defendant.  John W. Parrott
now seeks to set aside the judgment upon the ground that the
endorsement created no personal liability on his part, and
therefore the judgment against him as an individual is wrong.
No evidence as to the circumstances under which the endorse-
ment was made is produced, and the motion is based solely on
the matters appearing in the record.

The question whether such a signature as is endorsed on
the note in this suit imports a personal or a corporate liability,
has been settled in this state, and the rule is that *prima facie*
a personal liability is implied, but evidence may be adduced,
even by parol, to show that only corporate liability was in-
tended.  *Kean v. Davis*, 1 *Zab.* 683; *Reeve v. First National
Bank of Glassboro*, 25 *Vroom* 208.  In the present case, there
being nothing before us but the signature, a judgment against
the individual signer was warranted by the endorsement.

The summous and declaration should also be interpreted upon the same principle. Had it been shown that the Long Branch Hotel and Cottage Company was suable in the name of its president, these proceedings would be regarded as being directed against that company, but, that not appearing, the individual John W. Parrott must be deemed the defendant, and the addition of his title must be considered as mere description or rejected as surplusage. Otherwise the proceeding *quoad hoc* would be nugatory.

There is no incongruity in the record, and the rule to show cause is discharged.