WILLIAM M. SIMANTON AND ISAAC WOOLVERTON, PLAINTIFFS IN ERROR, v. EMMA VLIET, DEFENDANT IN ERROR.

1. Where a promissory note is ambiguous on its face, parol proof may be introduced to show whether it is the individual note of the persons who sign it or the note of the corporation they represent.

2. In a promissory note in the following form, it is competent to introduce parol evidence to show what the intention of the parties was:

"$1,000.　　　　ASBURY, NEW JERSEY.

"One day after date we, the Trustees of Musconetcong Grange, No. 114, known as W. Fleming and Company, promise to pay Emma Vliet or bearer the sum of one thousand dollars for value received, with interest at 5½ per cent. from date.

"Dated April 1, 1895.　　　　WM. M. SIMANTON,

"ISAAC WOOLVERTON,

"*Trustees.*"

[*Submitted March 25th,* 1898; *decided June 20th,* 1898.]

On error to the Supreme Court. This case was tried at the Warren Circuit, before Mr. Justice Gummere and a jury. The defence sought to be interposed to the plaintiffs' cause of action was held inadmissible and overruled, and a verdict directed for the plaintiff below. The facts appear in the opinion.

For the plaintiffs in error, *William A. Stryker.*

For the defendant in error, *Martin Wyckoff.*

The opinion of the court was delivered by

Van Syckel, J. This was an action brought by Emma Vliet against William M. Simanton and Isaac Woolverton, as individuals, in the Supreme Court, to recover the amount due on a promissory note, of which the following is a copy:

"$1,000.                         Asbury, New Jersey.

"One day after date we, the Trustees of Musconetcong Grange, No. 114, known as W. Fleming and Company, promise to pay Emma Vliet or bearer the sum of one thousand dollars for value received, with interest at $5\frac{1}{2}$ per cent. from date.

"Dated April 1, 1895.            Wm. M. Simanton,
                                 "Isaac Woolverton,
                                          "*Trustees.*"

In the trial court, after the plaintiff rested her case, the defendants below moved for a nonsuit on the ground that the promise on the face of the note was the promise of the grange and not the promise of the defendants as individuals.

This motion was overruled, exception allowed and error assigned thereon.

The defendants then offered to prove by parol that at the time the note was given the agreement between the parties to

it was that it was the note of " the trustees of Musconetcong Grange, No. 114."

This offer was also overruled, exception taken and error assigned thereon.

The cases of *Kean* v. *Davis*, 1 *Zab.* 683, and *Reeve* v. *First National Bank*, 25 *Vroom* 208, settle the law of this case in this court.

The note in the latter case read as follows:

" Three months after date we promise to pay to the order of Thos. Reeve, at the First National Bank of Glassboro, $97.70.

" WARRICK GLASS WORKS,

" J. PRICE WARRICK, *Prest.*"

This court held that the note was the note of the Warrick Glass Works alone, and not the note of Warrick.

Mr. Justice Reed, in delivering the opinion of the court, formulated the rule applicable to such cases as follows:

"*First.* Where nothing appears in the body of the note to indicate the maker, and the note is signed by a corporate name, under which appears the name of an officer of the company with his corporate official title, the note is conclusively the note of the company."

That was the situation in that case, and it was therefore held that it was conclusively the corporate note.

"*Second.* Where a note in similar form, except as to signatures, is subscribed by the name of an officer, stating of what corporation, the result is not the same. A note drawn in such form is *prima facie* the note of the person signing it and not the note of the corporation ; but this is a disputable presumption, and parol evidence is admissible to show the intention of the parties."

The opinion further states that the words in the note, " we promise to pay," instead of " the company promises to pay," had no significance, as the word " we " is often used by a corporation in referring to itself.

" The trustees of Musconetcong. Grange, No. 114," the corporation named in the body of the note now in controversy, was incorporated by that name, under the act of the legislature of this state passed April 21st, 1876.   *Gen. Stat., p.* 1614.

Under the cases before cited this note would be conclusively the note of " the trustees of Musconetcong Grange, No. 114," were it not for the added words in the body of the note— " known as W. Fleming and Company."

In the absence of those words the body of the note would contain a clear and express promise on the part of the corporation to pay ; the signing by the individuals as trustees would give effect only to the obligation on the part of the company, and imply no personal responsibility on the part of the individual signers.

The trustees who signed it say over their signatures that the corporation promises to pay, and thereby they exclude their personal liability.

But the difficulty in this case arises out of the added words " known as W. Fleming and Company."

What the significance of these added words is cannot be known without a resort to parol testimony.   It leaves in doubt what the intention of the parties really was, and therefore parol evidence was admissible to explain the ambiguity.

It was error in the trial court to overrule the offer to produce such testimony, and the judgment below should for that reason be reversed.

*For affirmance*—LUDLOW.   1.

*For reversal*—THE CHANCELLOR, COLLINS, DEPUE, DIXON, GARRISON, LIPPINCOTT, VAN SYCKEL, ADAMS, BOGERT, HENDRICKSON, KRUEGER, NIXON, VREDENBURGH. 13.