ARTHUR I. JACOBS *vs.* JAMES S. WILLIAMS ET AL.

First Judicial District, Hartford, January Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

When the plaintiff in his complaint alleges a sale of stock, and the answer expressly admits that allegation, it is error for the trial court to find that the transaction in question was not a sale, but a loan secured by a pledge of the stock.

When a contract relating to the business of a corporation bears the name of the corporation as the first signature, followed by the names of certain corporate officers with their official titles, whether

Jacobs v. Williams.

with or without the preposition "per" or "by," the corporation will be regarded as the signer and obligor, and the individuals will not be obligated, unless other language of the writing or its tenor indicates a contrary intention. The use of the pronoun "we" or "I" in the contract, referring to the obligor, is not sufficient to change this rule of construction.

The intention of the subscribing officers is the controlling factor in determining their personal liability; but this intention must be gathered from the language of the writing as a matter of legal construction.

Officers of a corporation who assume to obligate it by contracts executed by them in its name, and who exceed their authority in so doing, may under certain circumstances incur personal liability. The personal liability thus incurred is, however, not created by the contract, but is collateral to it and tortious in its nature.

A judgment enforcing such liability cannot therefore be rendered in an action in which the complaint alleges nothing save the contract and its breach.

The case of *Johnson* v. *Smith*, 21 Conn. 627, explained.

Argued January 4th—decided February 9th, 1912.

ACTION to recover damages for an alleged breach of a written agreement, brought to and tried by the Superior court in Hartford County, *Williams, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiff. *No error.*

*E. Henry Hyde* and *George J. Stoner*, for the appellant (plaintiff).

*William F. Henney*, with whom was *David B. Henney*, for the appellees (defendants).

PRENTICE, J. This action was begun against the Glastonbury Power Company and the present defendants, its president and secretary. Before the return day, it was discontinued as against the corporation. An amended complaint was then filed. It contained two counts. During the trial all right to recover upon the second was formally waived. The first, which thus alone remained for the court's consideration, alleges

that on or about November 4th, 1907, the plaintiff purchased from a party unnamed fifteen shares of the capital stock of said corporation, and paid therefor $1,500, upon the promise and agreement of the defendants that they would purchase said shares from the plaintiff within a year, paying him therefor the sum of $1,500 and a further sum equivalent to six per cent. interest thereon from November 4th, 1907, provided the plaintiff should elect to sell. Recovery is sought for the breach of this promise and agreement. From the finding it appears that the agreement thus counted upon has its sole foundation in the following writing:—

"Mr. Arthur I. Jacobs, } Glastonbury, Conn.,
    Hartford, Conn.     }     Nov. 4, 1907.

*Dear Sir:*

Concerning the stock of our Company which may be purchased by you, we hereby agree that in case you wish to dispose of the same one year hence we will take said stock off your hands and allow you 6% interest on the money paid by you for the same, or in case you should prefer to loan the money to our Company, holding the stock as collateral, we will agree to sell you the stock one year hence on the same terms as now proposed, viz: at $100 per share for the preferred stock, each share of the preferred to carry one share of common as a bonus.

Yours very truly,
        The Glastonbury Power Co.
            James S. Williams, *Prest.*
            Lewis W. Ripley, *Secy.*"

The court finds that the shares in question, at the time the plaintiff became possessed of them, were in the treasury of the corporation; that the transaction alleged in the complaint to have been a purchase of them by the plaintiff was one personally conducted and con-

summated by and between the secretary of the corporation on the one part and the plaintiff on the other, the result of which was that the shares were transferred from the corporation to the plaintiff; and that this transaction was in the nature of a loan of $1,500 from the plaintiff to the corporation, accompanied by a transfer of the shares as security therefor, and not a sale and purchase as alleged.

The plaintiff complains of the finding of fact last recited, and asks that it be corrected so that it shall disclose a sale. Were the character of the transaction in issue, and the finding in this respect, therefore, material, we should be unable to say that the finding of the court was one without warrant in evidence. But the allegation of the complaint that the transaction was a sale is expressly admitted by the answer. The pleadings thus establish the fact for the purposes of the case, and the court was not at liberty to disregard it in the rendition of its judgment. In so far as it may have done so, it went outside of the issues, as it was not permitted to do. *Gulliver* v. *Fowler*, 64 Conn. 556, 566, 30 Atl. 852; *Connecticut Hospital for Insane* v. *Brookfield*, 69 Conn. 1, 4, 36 Atl. 1017.

While the fact that the original transaction must be regarded as a sale, and not a loan, brings it within the purview of the first of the alternative propositions contained in the writing, it does not militate against the correctness of the judgment.

In the first place, the first count is not adequate for a recovery under the conditions thus created. The writing, expressed and signed as it is, is one which obligates the corporation, and not the individuals whose names are attached under their official titles. The signatory officers are, or are not, liable according to the language used, and their intent furnishes the controlling consideration in the determination of their

liability.   *Ogden* v. *Raymond*, 22 Conn. 379, 385; *Hewitt* v. *Wheeler*, ibid. 557, 563.   This intention is to be gathered from the language as a matter of legal construction.   Tiffany on Agency, p. 355.   As pertinent to the present writing, where the corporation appears as the primary signer, the almost universally accepted and reasonable rule of construction is that where the signature is that of the corporation, and the name or names of one or more of its officers in their official capacity are appended as subscribing agents, whether with or without the use of "by" or "per," or similar word expressive of their agency, and although the pronoun "we" or "I," as the case may be, is used in the body of the writing, the corporation will be regarded as the signer and obligor, and the individuals will not be obligated, unless other language or the general tenor of the writing indicates a contrary intent. *Falk* v. *Moebs*, 127 U. S. 597, 8 Sup. Ct. Rep. 1319; *Draper* v. *Massachusetts Steam Heating Co.*, 5 Allen (Mass.) 338; *Miller* v. *Roach*, 150 Mass. 140, 22 N. E. 634; *Atkins* v. *Brown*, 59 Me. 90, 92; *Castle* v. *Belfast Foundry Co.*, 72 id. 167; *Liebscher* v. *Kraus*, 74 Wis. 387, 43 N. W. 166; *Reeve* v. *First National Bank*, 54 N. J. L. 208, 23 Atl. 853.   See also *Hovey* v. *Magill*, 2 Conn. 680, 690.

The plaintiff, however, appeals to a statement in *Johnson* v. *Smith*, 21 Conn. 627, 634, as authority for his contention that the two signatory officers, failing to bind the corporation by reason of their lack of authority, bound themselves, since the body of the writing contains apt words to create a personal liability.   That case, it will be borne in mind, was one upon which the name of the alleged principal did not appear.   The language of the writing was that of personal obligation, and the signature individual, with the added words "Vestrymen of the Episcopal Church."   If these ap-

pended words were to be regarded as *descriptio personarum*, as they would be in most jurisdictions, or disregarded as an assumption unwarranted in fact, there would be left a perfectly regular and appropriate personal undertaking on the part of the signers. It is to situations of this general character that the particular passage relied upon is applicable, and not to situations such as this case presents. This is rendered quite clear by the next following sentence. Were there any doubt upon this point, it is resolved by the opinion in the later case of *Odgen* v. *Raymond*, 22 Conn. 379. The subject of an agent's personal liability there came up for fuller and more adequate discussion, and the position of the court is stated with a clearness which did not mark the earlier opinion. The statement of present pertinence was as follows (p. 385): "If the form of the contract is such that the agent personally covenants, and then adds his representative character, which he does not, in truth, sustain, his covenant remains personal and in force, and binds him as an individual; but if the form of the contract is otherwise, and the language, when fairly interpreted, does not contain a personal undertaking or promise, he is not personally liable; for it is not *his* contract, and the law will not force it upon him." It is plain that the rule thus clearly stated, when applied to a writing like the present, gives no countenance to a claim that the liability which was in terms cast upon the corporation could be transferred to the subscribing agents in the contingency named.

It does not, however, follow that officers of a corporation who, acting in excess of their authority, assume to obligate it by contracts executed by them in the name of the corporation may not incur personal liability. On the contrary, they, under certain circumstances, may. The liability thus incurred, however,

Cassidy *v.* Southbury.

is not one which is created by the contract, but is collateral to it. *Johnson* v. *Smith*, 21 Conn. 627, 634; *Ogden* v. *Raymond*, 22 id. 379, 385. They will render themselves liable for tortious conduct if they knowingly or carelessly assume to bind the corporation without authority, or misrepresent or conceal the true state of their authority, and thus falsely lead others to repose in it. *Ogden* v. *Raymond*, 22 Conn. 379, 386; *Taylor* v. *Shelton*, 30 id. 122, 128. The liability does not flow from the obligation of the contract, but from the wrong, and rests upon that foundation solely. *Craft Refrigerating Machine Co.* v. *Quinnipiac Brewing Co.*, 63 Conn. 551, 564, 29 Atl. 76.

The first count relies upon the contract undertaking alone. It alleges nothing save the contract and its breach. It is thus altogether inappropriate for a recovery in tort, and is insufficient to sustain a judgment based upon conditions present in the case. Huffcut on Agency, p. 230; Tiffany on Agency, p. 369.

There is no error.

In this opinion the other judges concurred.