[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW ON DEFENDANT EXICAST TRANSFORMERS, INC.'S MOTION TO DISMISS
The basis of the defendant's motion is that the court lacks personal jurisdiction over the defendant. The defendant is a foreign corporation. The plaintiff's basis for claiming the court has personal jurisdiction over the defendant is that the plaintiff entered into a written contract with the defendant. A copy of the contract was attached to the complaint.
The defendant notes that the contract does not mention the defendant Exicast Transformers, Inc. by name. The CT Page 10841 defendant has submitted an affidavit from the vice-president of the defendant which states the defendant company was not even incorporated until three months after the date of the contract. The date appearing on the contract attached to the writ is July 25, 1990.
The defendant argues that dismissal is required since the complaint does not set forth the necessary allegations for the defendant to be properly before the court under 33-411 (c), Connecticut's Long Arm Statute. As noted, the defendant is not mentioned in the contract and was not incorporated according to an affidavit submitted by the defendant until three months after the contract was entered into.
The critical date for determining the existence of jurisdiction is not the date of the contract but the date. on which suit was commenced. By its own admission the defendant Exicast Transformers, Inc. was certainly in existence on that date.
The plaintiff has responded to this motion to dismiss by submitting affidavits, a variety of unsworn to documents, and assertions about evidence on which the motion should be decided which are not supported by affidavits or documentation.
The court can certainly think of legal theories by which the defendant corporation can be held liable to the plaintiff although it was not named in the contract and it was not incorporated until after the contract. Much of what the plaintiff has submitted could support those theories. The problem is that a reading of the bare words of the complaint and its attached exhibit does not clearly set forth those theories of liability which would not only set forth a cause of action but subject the defendant to the court's jurisdiction.
Instead of attempting to amend its complaint which might be permissible since the motion to dismiss does not attack the subject matter jurisdiction of the court, (Richard A. Banks Co. v. Bradley, 8 Conn. L.Rptr. 511
(1993), cf Dickerman v. New York, N. H. H. Rr. Co.,72 Conn. 271, 276 (1899) amendment by alleging independant cause of action not allowed only because it arose after CT Page 10842 commencement of suit), the plaintiff has made various factual allegations as stated above.
Since these allegations not only deal with the jurisdictional claim but raise issues that may go to the merits, this motion cannot be decided without a hearing on the facts, cf Amore v. Frankel, 27 Conn. App. 565 (1992). A court can rely on affidavits to decide a motion to dismiss only where the facts are undisputed, Barde v. Board of Trustees, 207 Conn. 591, 62 (1988).
The only reason why the court does not believe a motion to dismiss is inappropriate at this time because in its brief the plaintiff does refer to the doctrine of ratification. A corporation can be held liable under certain circumstances for agreements or actions taken in its name prior to its actual legal incorporation, see Cramer v. Burnham, 107 Conn. 216, Chieppo v. Chieppo,88 Conn. 233 (1914), see generally Am.Jur.2d Volume 18, "Corporations" Section 120, pp. 939 et seq. The conflicting affidavits of the defendant's vice-president and the affidavits of Mr. Helle and Mr. Oblon raise sufficient question for the court to conclude that a factual hearing should be held to decide this issue.
Corradino, J.