[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant, Steven Leibin, has moved to strike count two of the complaint on the ground that he cannot be held responsible for the debts of the defendant corporation, Town Hall Hardware, Inc., since he signed the application for credit in his capacity as President of the corporation. The credit agreement is attached as Exhibit A and is incorporated by reference in the complaint.
Plaintiff in his memorandum in opposition argues that the defendant Leibin agreed to be personally responsible citing language in the credit agreement as follows:
 In consideration of an extension of credit the undersigned hereby unconditionally personally guarantees prompt payment and performance to Chapman Equipment Corporation.
The defendant Leibin cites in support of his position the case of Jacobs v. Williams, 85 Conn. 215 (1912) and quotes the following language from that decision:
Where the corporation appears as the primary signer, CT Page 9024 the almost universally accepted and reasonable rule of construction is that where the signature is that of the corporation's and the name or names of one or more of its officers in their official capacity are appended as subscribing agents, whether with or without the use of "by" of "per" or similar word expression of their agency, and although the pronoun "we" or "I," as the case may be, is used in the body of the writing, the corporation will be regarded as the signer and obligor, and the individuals will not be obligated, unless other language or the general tenor of the writing, indicates a contrary intent. Id. At 219.
In the instant case there is language in the body of the credit agreement, Exhibit A, which appears to indicate a contrary intent. In view of that language this court cannot say that the second count of the complaint fails to state a cause of action for the personal guaranty of a corporate debt.
Mary R. Hennessey, Judge