[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION FOR PREJUDGMENT REMEDY
Plaintiff seeks the attachment of the property of the named defendant under the provisions of General Statutes § 52-278a-d.
The evidence indicates that on or about January 31, 1991, plaintiff entered into a written contract, the claimed breach of which is the basis of this action. The principal issue here is whether or not there is probable cause to believe that the named defendant Jon Kodama is liable under the terms of the contract.
The first paragraph of the contract entitled "Service Agreement" reads as follows:
"The All-Gas Equipment Company (hereinafter called the `Seller') hereby agreed to sell the JTK Management D/B/A Dock N' Dine Rest. aCorporation (hereinafter called the `Buyer')" (Corporation, partnership or individual.)
On the last page of the contract, in the signature section, defendant signed his name on the line designated "Customer Signature". On the next line, defendant's name was spelled out. The next line with the word "Title" was left out.
At the time the contract was executed, and at all times material, defendant was a principal in a corporation entitled "JTK Management Corp. "
In determining the issue presented, the court must look to the intention of the parties to the contract. The intention of the parties is to be ascertained from the language used, interpreted in light of the situation and the surrounding circumstances. American Totalisator Co. v.Dubno, 210 Conn. 413, 418 (1989). Ordinary contract principals determine who is bound by a written provision.Total Property Services of New England. Inc. v. O.S.C.V.,Inc., et al., 30 Conn. App. 580, 587 (1993); Jacobs v.Williams, 85 Conn. 215 (1912).
Except for the signature portion of the contract, which is ambiguous, the document appears to be an agreement between corporations. All of the documents in evidence clearly indicate that the plaintiff was dealing with a corporation. With the exception of the plaintiff's letter of October 6, 1997, none of the exhibits mentions the defendant. This letter is addressed to the corporation to CT Page 1341 the attention of defendant.
Plaintiff has failed to establish probable cause that a judgment will be rendered in its favor against the defendant.
Accordingly, the application for prejudgment remedy is denied.
Joseph Purtill Judge Trial Referee