DANIEL M. SUTTON *vs.* AARON B. LOCKWOOD.

In trespass for breaking and entering, the question being whether the plaintiff had sufficient possession to maintain the action, the court charged the jury that the plaintiff must have been in possession at the time of the alleged trespass, and that if he was at the time disseized he could not maintain the action; but that the fact that he had been previously disseized would not prevent his recovery if he had title, and had regained possession before the trespass, so as to have been in actual possession at the time. Held to be correct.

In applying a deed to a piece of land claimed to have been conveyed by it, the court is not bound to charge the jury, upon the request of one of the parties, that the description in the deed would make a lot of a different form from that of the lot in question. The matter is wholly one of fact for the jury.

Where a request for a charge, proper in itself, contains an assumption of fact neither proved nor conceded, the court is not bound to comply with the request.

The liability of a trespasser who has entered upon land in good faith as owner, and in the assertion of his supposed right, is not limited to nominal damages.

No useful purpose is accomplished by the statement of evidence in an ordinary motion for a new trial, as the court can consider only errors of law in the rulings and decisions of the court below.

·TRESPASS *qu. cl. fr.*, brought by appeal from a justice of the peace to the Court of Common Pleas of Fairfield County, and tried to the jury in that court, on the general issue, with notice of a claim of title, before *Brewster, J.* Verdict for the

plaintiff, and motion for a new trial by the defendant. The case is sufficiently stated in the opinion.

*Sanford,* in support of the motion.

*Wilson* and *Hurlbutt,* contra.

FOSTER, J. In 1868 the plaintiff conveyed to the defendant a small tract of land; and this action of trespass grows out of a dispute as to its northern boundary line. The lands of the parties are adjacent to each other, the plaintiff owning on the north, the defendant on the south.

Soon after this conveyance was made, the defendant put up a slight pole fence, some feet north of a certain ash tree, claimed by the plaintiff to be in the north line of the lot conveyed; and thus the *locus in quo* was enclosed with the defendant's other land. The plaintiff subsequently took down these poles, regained possession as owner, and ploughed up the *locus in quo* with his other lands adjoining it on the north. The defendant in a few days replaced the poles, and the plaintiff soon after took them down again and sowed the piece which he had ploughed with rye. In a few days thereafter the defendant replaced the poles on the rye, in the same place as before, where they remained when this suit was brought.

The evidence offered by the parties is stated at some length, and though this might be necessary in states where the evidence is reported and a new trial granted if the charge is not in accordance with the evidence, no useful purpose is accomplished by it here, as our practice is different. A new trial cannot be granted unless the rulings and decisions of the court below, on matters of law, are found to be incorrect or erroneous.

The defendant claimed "that the plaintiff was not in possession of the *locus in quo* at the time the alleged trespasses were claimed to have been committed, and requested the court so to charge the jury, and that the question of fact was one for them to determine; and that the plaintiff, in order to maintain his suit, must have been in possession of the *locus*

*in quo* at the time when the trespasses were alleged to have been committed, and that the possession of the plaintiff must have been a real and not a technical possession."

The court charged the jury that "in this species of action the gist of the action is the injury done to the plaintiff's possession, though the right of property, the title, may also come in question, as in the case at bar it had been, as matter of fact, the chief point in dispute; that under the general issue the plaintiff must prove that the property was in his possession at the time of the injury, and this rightfully as against the defendant; that the injury was committed with force; that a legal title in the plaintiff, without such possession, was not sufficient; and that if the plaintiff had been disseized or dispossessed, at the time of the alleged trespasses, he could not maintain this action." The court further charged "that if the jury found that the plaintiff had title to the land in question at the time of the alleged trespasses, his having been previously disseized and dispossessed of it by the defendant would not prevent a recovery, provided he had previously to such acts of trespass regained and retaken possession, so that he was in actual possession at the time said acts of trespass were committed."

This instruction affords, we think, no ground of complaint to this defendant. At all events we do not hesitate to give it our sanction, believing it to be sound law and appropriate to the occasion.

We deem it unnecessary to spend much time upon the other legal points raised on this motion. The case really turned on the question of possession, and the law regarding that was correctly laid down as we have seen.

The defendant's claim, that all parts of the description of the land conveyed in the plaintiff's deed to the defendant, should be given effect to, if possible, was correct, and was substantially complied with, for the jury were told that "every expression in the deed was to be given its just weight."

The court declined, and very properly, to charge, as matter of law, that the description in the deed would make a three-sided, or four-sided lot, or one of any other form; that question belonged to the jury as a matter of fact.

That the court omitted to charge the jury that the occupation of the *locus in quo* by the defendant, after the deed was given, without objection from the plaintiff, created a legal presumption that the land occupied was the land conveyed by the deed, cannot be a ground for a new trial when taken in connection with the fact disclosed by the record, that the request so to charge contained an assumption of fact neither proved nor conceded.

The claim of the defendant as to the boundaries of said tract of land, and how their location was to be determined, was, it seems, assented to by the court, and the charge made accordingly.

The final claim of the defendant, that if he was liable at all in this action, he was, under the circumstances as claimed by him, liable only to nominal damages, we regard as untenable. The plaintiff, if entitled to recover, was entitled to recover at least the damages he had actually sustained; less than such an amount would not be reasonable damages; and so the instruction prayed for on that point was properly refused.

We see no grounds for a new trial, and one is therefore not advised.

In this opinion the other judges concurred.