# CASES

IN THE

# SUPREME JUDICIAL COURT,

OF THE

# STATE OF MAINE.

DAVID A. BUTLER vs. ALFRED TAYLOR.

Franklin.    Opinion August 11, 1893.

*Trespass, q. c. ; Deed, without possession.*

Quitclaim deeds, or deeds which purport only to convey the grantor's right, title and interest in the land, are not *prima facie* evidence of title; and without proof of possession at the time by the grantor, or an entry by the grantee, though admissible in evidence, are not sufficient to prove possession.

In an action of trespass *quare clausum fregit*, the question was whether the plaintiff had shown such possession, actual or constructive, as would enable him to maintain it.

It appeared that his only evidence of title was an administrator's deed of all the decedent's right, title and interest in a tract of land, admitted to contain ten thousand acres, and of which the land where the alleged trespass was committed was a very small part; and that there was no evidence that the decedent ever had title to any portion of it, or that he, or the plaintiff, ever had so much as a momentary seizin of the land. The consideration expressed in the deed was twenty-five dollars.

*Held;* that the inference is irresistible that the parties to the deed did not understand that the one was selling, or that the other was buying, an interest of any substantial value; *also,* that such a deed alone, and without any other evidence in support of it, is insufficient to maintain the action.

The defendant, in this case, justified his supposed acts of trespass as the servant of one who claimed title derived through a sheriff's deed, antedating the plaintiff's deed nearly four years.

*Held;* that however defective the sheriff's proceedings may have been, his deed is sufficient to give his grantee seizin and color of title, which, if allowed to continue for a sufficient length of time, will ripen into a valid title, even as against the true owner.

*Also*, to maintain an action of trespass *q. c.* against them, or their servants or successors in title, the true owner must regain his possession by an actual entry or by judgment of law; that till then he is disseized, and while he allows that disseizin to continue, he cannot maintain an action of trespass *q. c.* against the original disseizors or their successors in title.

ON REPORT.

Trespass for entering land in Eustis, Franklin County, formerly belonging to Miles Standish, deceased, and cutting and carrying away pine trees.

The plaintiff claimed title to the premises by virtue of a deed from the administrator of said Standish's estate, dated February 29, 1888, conveying " the following described real estate, to wit, all the right, title and interest the said Miles Standish had at the time of his decease in a certain piece or parcel of land lying in Eustis. Franklin County, and known as the Buxton tract." . .

The defendant justified as agent of Seth B. Hersey, who claimed title under a sheriff's deed, dated February 12, 1884, made to Woodman, True and Company upon an execution sale, according to R. S., c. 76, § 33, and conveying " one lot of land called the Buxton lot or tract containing two thousand acres, more or less, situate in the southeast quarter of the Buxton Tract, so-called."

It was admitted that said Hersey had acquired and held, at the time of the alleged trespass, the title of Woodman, True & Co., and that the defendant Taylor made the entry alleged upon the premises, and that in making such entry he acted by permission and under the authority of said Hersey under his claim of title as aforesaid.

It was also agreed and admitted that the Buxton Tract, so-called, was, at the date of the sheriff's deed, a well known and well defined tract of land, containing about ten thousand acres in the south half of the town of Eustis. Both deeds were duly recorded; and it was admitted that the plaintiff had actual knowledge of the sheriff's deed to Woodman, True & Co., at the time he took and accepted the deed from the administrator of said Standish.

The land upon which the trespass is alleged to have been committed is in the northeast quarter of the Buxton tract, and the plaintiff claimed that it was not included or embraced in the

description contained in the sheriff's deed. The plaintiff also claimed that the sheriff's sale was void for irregularities ; but the view taken by the court renders a report of them unnecessary.

*C. A. Wilber, Walton and Walton,* with him, for plaintiff.

Title of both parties comes from same source, Miles Standish. The defendant's entry being admitted, the question is who has the best title to the real estate described in plaintiff's writ. The words of the general description in the sheriff's deed are controlled by the particular description. *Stewart* v. *Davis,* 63 Maine, 539 and cases there cited ; *Smith* v. *Strong,* 14 Pick. 128, and cases. Sheriff's deed invalid for want of notices posted in Coplin and Flagstaff plantations adjoining Eustis. "Town" includes "Plantation." R. S., c. 1, § 6, cl. 17 ; *Kimball* v. *Rockland,* 71 Maine, 142 ; *Small* v. *Lufkin,* 56 Maine, 31 ;. *Blood* v. *Bangor,* 66 Maine, 155 ; *Townsend* v. *Meader,* 58. Maine, 288. If "Town" does not include "Plantation," notices. of sale should have been posted in the shire-town. Sale void in either event. Taylor, being Standish's administrator is estopped. by his deed to Butler to deny plaintiff's title.

*Symonds, Snow and Cook,* for defendant.

Possession indispensable to support trespass *q. c. Jones* v.. *Leeman,* 69 Maine, 489 ; *Harvey* v. *Byrnes,* 107 Mass. 522 ;. *Shepard* v. *Pratt,* 15 Pick. 34. Plaintiff had neither actual nor constructive possession. His deed does not support constructive possession. 2 Greenl. Ev. § 619 ; *Melcher* v. *Merryman,* 41 Maine, 601. No evidence of actual possession. Burden to prove possession is on the plaintiff. *Tabor* v. *Judd,* 62 N. H. 288 ; *Coffin* v. *Freeman,* 82 Maine, 578.

Particular description in sheriff's deed not a limitation upon the general terms of the grant. Particular description may be discarded for error. 2 Dev. on Deeds, § 1041 ; *Ely* v. *Card,* 2 N. H. 175 ; *Wing* v. *Burgis,* 13 Maine, 114 ; *Vose* v. *Handy,* 2 Maine, 322. Statement of quantity and description of location being erroneous will not prevail against general description. *Field* v. *Huston,* 21 Maine, 69 ; *Abbott* v. *Pike,* 33 Maine, 207, and cases ; *Pierce* v. *Faunce,* 37 Maine, 68 ; *Abbott* v.

*Abbott*, 53 Maine, 360; *Cilley* v. *Childs*, 73 Maine, 133; *Jones* v. *Buck*, 54 Maine, 304.

Notices of sale not required to be posted in adjoining plantations. Laws 1821, c. 60, § 17. Counsel also cited: *Virgie* v. *Stetson*, 77 Maine, 523; *Buffum* v. *Deane*, 8 Cush. 35; Big. Estop. p. 327.

Plaintiff in reply.

Deed to plaintiff, without the statement that both parties claim through Standish, carries with it the legal presumption that seizin follows title, and that they correspond with each other, and this deed duly acknowledged and registered is by statute equivalent to livery of seizin. R. S., c. 71, § 23; *Ward* v. *Fuller*, 15 Pick. 189; *Blethen* v. *Dwinel*, 34 Maine, 133; quitclaim from one having title is sufficient. Where both parties claim under the same person it is *prima facie* sufficient to prove the derivation of title from him without proving his title. 2 Greenl. Ev. § 307. Sheriff's deed not a voluntary conveyance of Standish, to be construed most strongly in favor of grantor; therefore nearly all of defendant's authorities do not apply. His deed does not cover the land on which the trespass was committed.

SITTING: PETERS, C. J., WALTON, VIRGIN, LIBBEY, FOSTER, HASKELL, JJ.

WALTON, J. This is an action of trespass *quare clausum fregit*, and the question is whether the plaintiff has shown such a possession, actual or constructive, as will enable him to maintain it.

We think he has not. His only evidence of title is a deed from the administrator of Miles Standish of all the decedent's right, title, and interest in a tract of land, admitted to contain ten thousand acres, and of which the land on which the alleged trespass was committed is a very small part, and there is not a *scintilla* of evidence that the decedent ever had a title to any portion of it, or that he, or his administrator, or the plaintiff, ever had so much as a momentary seizin of the land on which the defendant's trespass is alleged to have been committed.

Clearly, such a piece of paper is not sufficient to maintain an action of trespass *quare clausum fregit.*

It was formerly held that such an action could be maintained only by a person in actual possession of the *locus in quo* ; that a mere legal or constructive possession was not sufficient. It was so held in a very learned opinion by Chief Justice Robertson, in *McClain* v. *Todd's Heirs*, 22 Am. Dec. 37 (5 J. J. Marsh. 335).

And such was undoubtedly the rule of the common law. But this rule, however well adapted to England, where most of the land is in actual occupation of some one, was thought to be not suited to this country, where there was so much wild and uncultivated land. And it soon became a prevailing rule in most of the states that, where there is no adverse possession, a legal title draws with it a constructive possession sufficient to maintain the action. And such is undoubtedly the law in this State.

But, says Professor Greenleaf, though proof of possession, actual or constructive, will maintain the averment of the plaintiff's possession, yet a deed of mere release or quitclaim, without proof of possession at the time by the grantor, or of an entry by the grantee, is not sufficient to prove possession. 2 Gr. Ev. § 619. And in support of this proposition he cites *Marr* v. *Boothby*, 19 Maine, 150.

On turning to that case we find that the action was trespass *quare clausum fregit*, and that the alleged acts of trespass were the same as in this case, namely, cutting and carrying away pine trees. To sustain his action, the plaintiff offered in evidence an administrator's deed to himself and a tax collector's deed to John Sands, and a quitclaim deed from Sands to himself. But there being no evidence that the plaintiff had taken possession of the premises under either of his deeds, he was non-suited by the presiding Justice (SHEPLEY) and the full court sustained the nonsuit. To the same effect is *Bartlett* v. *Perkins*, 13 Maine, 87.

In that case the action was trespass for cutting and carrying away grass. The defendant had levied upon the land as the property of the plaintiff's tenant at will. Of course nothing passed by the levy. And the court so held. And if the plaintiff

had brought a writ of entry instead of an action of trespass, he would have prevailed. But the court held that, although the levy was void, it gave the defendant a color of title, and a sufficient seizin to defeat the plaintiff's action of trespass *quare clausum fregit*. And in this particular a sheriff's deed has the same effect as a levy. Buswell on Limitations and Adverse Possession, § 259, and cases cited in the notes. Any deed, says the author, purporting to convey title, no matter on what founded, gives color of title, and renders the grantee's possession under it, adverse, however groundless the supposed title may be.

In the present case, the defendant justifies his supposed acts of trespass as the servant of one who claims a title derived through a sheriff's deed. The sheriff's deed, antedates the administrator's deed (through which the plaintiff claims), nearly four years. However defective the sheriff's proceedings may have been, his deed was sufficient to give the grantees a seizin and a color of title, which, if allowed to continue for a sufficient length of time, would ripen into a valid title, even as against the true owner. And to maintain an action of trespass *quare clausum fregit* against them or their servants or their successors in title, the true owner must regain his possession by an actual entry or by judgment of law. Till then, he is disseized, and while he allows that disseizin to continue, he can not maintain an action of trespass *quare clausum fregit* against the original disseizors or their successors in title. In the case last cited, (*Bartlett* v. *Perkins*, 13 Maine, 87) the court say that the plaintiff was disseized by the levy, and could not prosecute an action for any act of the disseizor subsequent to the levy, until he had entered, or recovered judgment for the land.

So, in this case, whether the proceedings of the sheriff were or were not regular, his deed gave the grantees seizin of the land which he undertook to sell, and, until that seizin is purged, an action of trespass *quare clausum fregit* can not be maintained against them, or their successors in title, for any acts done by them upon the land subsequent to the sale. And the evidence to show that the seizin (or disseizin) has been purged is entirely wanting. The plaintiff's proof therefore is fatally defective.

Plaintiff's counsel contend that a deed duly executed and recorded is *prima facie* evidence of title. That proposition is true only of warrantee-deeds, or deeds which purport to convey the land. It is not true of quitclaim deeds, or deeds which purport to convey only the grantor's right, title and interest in the land. *Rand* v. *Skillin*, 63 Maine, 103 ; *Tebbetts* v. *Estes*, 52 Maine, 566.

The plaintiff's deed from the administrator purports to convey only the decedent's right, title, and interest in the land therein mentioned ; and there is not a *scintilla* of evidence that the decedent ever had any title to the land,— not so much, even, as a momentary seizin. The deed covers a tract of land admitted to contain ten thousand acres. The consideration, as expressed in the deed, was twenty-five dollars. The inference is irresistible that the parties to the deed did not understand that the one was selling or that the other was buying an interest of any substantial value. Such a deed, alone, and without any other evidence in support of it, is clearly insufficient to maintain an action of trespass *quare clausum fregit*. *Bell* v. *Peabody*, 63 N. H. 233 (56 Am. Rep. 506). *Judgment for defendant.*

VIRGIN, J., died before the decision of this case.