(November 12, 1907.)

OLE P. EKLUND, Respondent, v. B. R. LEWIS LUMBER CO.· et al., Appellants.

[92 Pac. 532.]

PLEADINGS—AMENDMENT—TRESPASS—DEFAULT.

1. Where plaintiff commences his action and alleges facts which constitute a common-law action in trespass-for cutting and removing timber from the lands of the plaintiff and removing soil from his premises, and after answer files an amended complaint alleging substantially the same cause of action and claiming treble damages under the provisions of section 4531, Revised Statutes, the amendment is proper and does not so change the original cause of action

as to authorize the striking of the amended complaint from the files on the ground that it constitutes a new cause of action. The cause of action is the same in both cases; the facts pleaded and the grounds upon which recovery must be had are the same in both cases, and the statute authorizing treble damages in no way affects the cause of action, but merely goes to the relief to be granted in case the plaintiff establishes his case.

2. In an action under the provisions of section 4531, Revised Statutes, for trespass, a defendant by his default admits the truth of an allegation in the complaint that the trespass was "wrongful, unlawful, willful and malicious."

(Syllabus by the court.)

APPEAL from the District Court of the First Judicial District for Kootenai county. Hon. W. W. Woods, Judge.

Action for damages on account of trespass and the cutting and removing of timber from plaintiff's land and excavating and removing the soil therefrom. Judgment for plaintiff and defendants appealed. *Affirmed.*

Robert H. Elder and Chas. L. Heitman, for Respondent.

The action set up in the amended complaint is not a statutory action, although the prayer of the complaint asks that the damages for the cutting and removing of the timber be trebled. It is a common-law action. Where the damages are asked to be trebled, it is a common-law action with a cumulative statutory remedy which a party can claim or waive with or without amendment. (*Gumaer v. White Pine Lumber Co.*, 11 Idaho, 591, 83 Pac. 771.)

The gravamen of the action is trespass, and it is not sought to change it to anything else by the amendment. (*Rhemke v. Clinton*, 2 Utah, 234.)

The record does not show that any objection or exception was taken to the charge to the jury, or any portion thereof, and the objection cannot be made thereto for the first time in the appellate court. (*Letter v. Putney*, 7 Cal. 423; *Wilkinson v. Parrott*, 32 Cal. 102; *Williams v. Southern Pac. Ry.*, 110 Cal. 462, 42 Pac. 974; *Pielke v. Railroad Co.*, 6 Dak.

448, 43 N. W. 813; *Black v. City of Lewiston,* 2 Idaho, 279, 13 Pac. 80.)

The amended complaint charges that the cutting, removal and appropriation of said timber was done wrongfully, unlawfully, willfully and maliciously, and without the knowledge or consent of the respondent, and without any right or title in appellants so to do, all of which was admitted by the default. (*Martin v. New York etc. R. R.,* 62 Conn. 331, 25 Atl. 239; *Cook v. Skelton,* 20 Ill. 107, 71 Am. Dec. 250; *Lanneau v. Ervin,* 12 Rich. (S. C.) 31; *Warren v. Kennedy,* 48 Tenn. 437; *Lowe v. Turner,* 1 Idaho, 112; Ency. of Pl. & Pr., pp. 1153-1158.)

AILSHIE, C. J.—In this case there is a brief on file in behalf of the appellant signed by C. H. Potts and Skuse & Morrill, as attorneys, but it appears that no one of these persons is an attorney of this court. An oral argument was also made by one of them, and we naturally assumed that one filing a brief and appearing in a case is an attorney of this court. Under these circumstances, the proper practice would be to strike the brief from the files and affirm the judgment. We have, however, examined the case and will briefly pass upon the points raised.

The plaintiff filed his original complaint charging the defendants with trespass upon his lands and cutting and removing timber therefrom, and also excavating in places and making fills in other places, and placing a line of railroad across his premises and claiming damages therefor. The defendants' answered this complaint and also filed a cross-complaint. The plaintiff thereafter filed an amended complaint charging substantially the same cause of action as was set out in the original complaint, but claiming treble damages under the provisions of section 4531 of the Revised Statutes. Defendants moved to strike this amended complaint from the files on the ground that it was a new and separate cause of action rather than an amendment of the original cause of action. This motion was denied and the defendants thereupon were granted twenty days in which

to answer. Their answer was due on December 20, 1906. They failed to answer and on the eleventh day of March, 1907, the court entered their default. On the following day the defendants made a motion to set aside the default accompanied with the affidavit of Fred L. Burgan and B. R. Lewis. The court denied the motion and thereafter heard proofs as to the amount of damages, and a verdict was rendered for the sum of $1,336.05, and judgment was thereupon entered for treble the amount of the verdict. This appeal is from the judgment.

The appellant contends in the first place that the original action was a common-law action for trespass, and that by the amendment the action was converted into a statutory action for trespass in cutting and removing timber and for treble damages on account thereof. There is no merit in this contention. The trespass was the same whether it was alleged as a common-law action or under the statutory provision. The only change made by the statute is that it authorizes in certain cases of trespass the assessing of treble damages, and that is all that is sought in this case. The facts of the trespass are the same in either case, and the defendants were neither misled nor prejudiced by the change. Their defense would necessarily be the same in either event. (*Rhemke v. Jeter Clinton et al.*, 2 Utah, 232; *Gumaer v. White Pine etc. Co.*, 11 Idaho, 599, 83 Pac. 771.) It is further alleged that the court erred in refusing to set aside the default in this case. The defendants failed to make any sufficient showing to authorize or justify the court in setting aside their default. In the first place, they had from the thirtieth day of November until the eleventh day of the following March in which to answer. While the court granted them until the 20th of December, no default was ever entered until the eleventh day of March following, and we apprehend that if they had answered at any time prior to the entry of the default that they would have had no difficulty with the court over the matter of a default. When they did make application to have the default set aside, they failed to make any sufficient showing as to diligence or of

surprise or excusable neglect. The court properly denied the motion. (*Holzeman v. Henneberry*, 11 Idaho, 428, 83 Pac. 497; *Holland Bank v. Lieuallen*, 6 Idaho, 127, 53 Pac. 398; *Bailey v. Taffe*, 29 Cal. 422.)

The contention of the appellant that the court was not justified in entering treble damages on the grounds that the plaintiff failed to offer any proofs tending to establish that the trespass was ''without lawful authority,'' is not well taken. It is true the statute, section 4531, requires that the trespass be ''without lawful authority'' in order to justify trebling of the damages; still, it was so alleged in the complaint, and the default of the defendants admitted those facts and it was unnecessary to prove them. (*Hollister v. State*, 9 Idaho, 651, 77 Pac. 339.)

Further error is assigned upon the action of the court in giving certain instructions to the jury. No exception appears to have been taken to the instructions at the time they were given or in the lower court. It is, therefore, too late to urge the exception as error in this court. We find no error in the record requiring a reversal of the judgment. The judgment is therefore affirmed, with costs in favor of the respondents.

Sullivan, J., concurs.