SHERWOOD G. AVERY *vs.* DWIGHT SPICER ET AL.

Second Judicial District, Norwich, April Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Actual or constructive possession of land is essential to the maintenance of an action to recover damages, under § 1097 of the General Statutes, for unlawfully cutting and carrying away trees growing on such land. Accordingly, if the plaintiff be disseized by the defendant, as was contended in the present case, he cannot recover although he may prove a paper title to the tract of land in dispute.

At common law the action of trespass afforded a remedy for a direct forcible injury to the possessory right, and trespass on the case for an invasion of one's reversionary interest. While our Practice Act has abolished certain distinctions of form and employed a new nomenclature, it has not changed the substantive law, and it still remains true that the same facts entitle one to the same redress as before, and to no other.

In the present case the plaintiff alleged possession as well as title, and that allegation, by the defendant's denial, became an issue in the case. *Held* that having introduced this issue, the plaintiff was in no position to challenge the charge of the trial court treating possession as a material fact in the cause and instructing the jury accordingly.

General Statutes, § 1097, does not create a new and independent right of action in the title owner of land, but merely prescribes the measure of damages recoverable by "the party injured," that is, by the one in possession.

Argued April 25th—decided June 27th, 1916.

ACTION, under § 1097 of the General Statutes, to recover damages for unlawfully cutting trees, timber and poles upon land alleged to belong to the plaintiff, brought to the Superior Court in New London County and tried to the jury before *Bennett, J.;* verdict and judgment for the defendants, and appeal by the plaintiff. *No error.*

*Charles W. Comstock* and *Lee R. Robbins,* for the appellant (plaintiff).

*Hadlai A. Hull* and *Charles V. James,* for the appellees (defendants).

PRENTICE, C. J. The plaintiff, claiming to be the owner and possessor of a certain tract of land, brings this action to recover damages, as provided by § 1097 of the General Statutes, for the alleged unlawful cutting and carrying away by the defendants of trees, timber and poles growing upon said tract, and particularly described in the complaint. The complaint alleges that the plaintiff owned and possessed the land, and that the defendant Ingalls, acting under the authority and direction of the defendant Spicer, unlawfully entered upon it and cut and carried away the trees, timber and poles. The defendant Ingalls justifies his acts of cutting and removal under the rights and authority of the defendant Spicer, and in their joint answer they aver that the latter owned in fee simple the land upon which the cutting was done, and then was and ever since had been in possession thereof. These allegations of title and possession in Spicer the plaintiff denies in his reply. The parties were thus at issue to the jury in respect to both the title to and the possession of the land.

It appeared by the undisputed evidence that the plaintiff and Spicer were the owners in fee simple of adjoining farms, and both were able to trace their respective titles as such owners back for a long period of years. The dispute between them as to the ownership of the *locus* grows out of a disagreement as to the location of the boundary line between their properties at the point in controversy. The plaintiff claims that he owns, as evidenced by his title deeds, up to a line beyond which, upon his side of it, the cutting complained of was done. The defendant's contention, on the other hand, is that Spicer's paper title extends his

ownership to a line over and beyond which there was no cutting, that he and his predecessors in title had long occupied up to that line, and that he was so occupying at the time of the cutting.

No question presented by the appeal calls ·for the observance of a distinction between the defendant Ingalls, who did the actual cutting, and the defendant Spicer, whose ownership, possession and authority are pleaded in justification of it. For the sake of convenience, therefore, the former's connection with the alleged wrong may be ignored, and his acts treated as though done by the latter.

The evidence having shown this situation, the plaintiff requested the court to instruct the jury that the first question for their consideration was whether or not the plaintiff was the owner of the land in dispute, and that if they should find that he was such owner and that the defendant Ingalls had entered upon it without his license and cut, the plaintiff was entitled to a verdict. The court did not comply with this request. On the contrary, its instructions were, in effect, that the plaintiff, to entitle himself to a verdict, must prove that he was in actual or constructive possession of the land. In further elaboration of this subject it stated that it was not necessary that the plaintiff show actual possession, but that sufficient proof of possession would be produced by proof of title and the absence of actual and exclusive possession in another.

The action of the court in thus charging and in refusing to charge as requested, furnishes the chief ground of complaint on the appeal. That complaint is not that the instructions were erroneous in their statement of how possession sufficient to maintain the action might be shown. On the contrary, they were full and clear upon that subject, and all that

could have been desired. The complaint is the narrower, but fundamental one, that, whereas the court was asked to tell the jury that the plaintiff could recover upon proof of title without proof of possession, it told them that the plaintiff must show possession, actual or constructive, as a prerequisite of recovery.

This complaint might be summarily disposed of by reference to the fact that the plaintiff himself alleges possession, and that upon the pleadings the parties were at direct issue upon that matter. The plaintiff, having put up his case and helped to frame the issues on the basis that possession was a material and issuable fact, is not in a position to charge the court with error in accepting the allegations made by him and the issues framed as material, and instructing the jury accordingly and in such a way that those issues could be intelligently decided by them. *Knapp* v. *Tidewater Coal Co.*, 85 Conn. 147, 157, 81 Atl. 1063; *Jacobs* v. *Williams*, 85 Conn. 215, 218, 82 Atl. 202.

But the court's action finds justification upon more substantial grounds. The complaint sounds in trespass. It alleges the plaintiff's possession of the land, an unlawful entry by the defendants and acts done thereon by them to its direct injury by force. Here are all the essentials of an action *quare clausum fregit*, if we revert to the distinctions and employ the terminology of the common-law system of pleading. That, however, is not of importance save as it shows that the complaint is one seeking recovery for a tort which lies within the broad field of trespass. It is brought to recover damages resulting from a direct injury done by force to property in actual or constructive possession, and that spells trespass according to the common-law classification of personal actions. Actions of trespass for injuries to property were actions for the recovery of damages for wrongs done to the possessory right.

They were founded on possession only. The gist of the action was the injury to the plaintiff's possession, and it was requisite that his possession, actual or constructive, be shown to authorize recovery. This was the rule of universal application. *Toby* v. *Reed,* 9 Conn. 216, 223; *Church* v. *Meeker,* 34 Conn. 421, 422.

The plaintiff's action being unmistakably one in the nature of trespass, the court did not err in giving a charge appropriate to it. But that is not all. Its instructions, when examined in the light of the facts before the court and regardless of the pleadings and the issues raised by them, were correct.

Passing by trespass with its requirement of possession as a prerequisite of recovery, there was in the common-law system a form of action providing for the redress of an injury suffered by one having an interest in property but not having the possession. By an action of trespass on the case, one whose reversionary interest had been invaded by a wrongdoer might have redress. But the action could not be resorted to by one whose interest, instead of being reversionary, was such as the right of possession attached to it. A fee owner, for example, might not avail himself of it to redress a wrong done to his property by direct force, express or implied. His interest is possessory and not reversionary, as is that of a landlord, remainderman, and the like.

These two forms of action, to wit, trespass and trespass on the case, supplemented one another, and together covered the entire field of personal actions for damages for injury to property, whether that property was or was not in the plaintiff's possession when the wrong was committed, so that by resort to one or the other every one so injured in his rights might find redress.

Two pertinent facts of present interest and impor-

tance thus appear. The first is that a person whose interest was not reversionary was not permitted to recover for injury to property unless he could show possession, actual or constructive. The second is but its corollary, to wit, that a title owner disseized could not sue his disseizor for the latter's acts of wrongdoing to the property as long as the disseizin continued. The disseizee in such case must either first regain possession by legal action or otherwise, and then bring his action of trespass for the injury to the property, or recover for those injuries as an incident of his action to regain possession. He could not sue the disseizor for the tort independently until he had come into possession. *Trubee* v. *Miller*, 48 Conn. 347, 355; *Sutton* v. *Lockwood*, 40 Conn. 318, 320; *Dewey* v. *Osborn*, 4 Cowen (N. Y.) 329, 338; *Smith* v. *Wunderlich*, 70 Ill. 426, 434; *Butler* v. *Taylor*, 86 Me. 17, 22; *Allen* v. *Thayer*, 17 Mass. 299, 302.

The substitution of our Practice Act for the common-law system of pleading has not changed the situation save as it has abolished certain formal distinctions and employed a new nomenclature. The same facts will entitle one to the same redress as before, and to no other redress. It still remains true, save as some statute may provide otherwise, that possession is a necessary condition precedent to recovery by one whose interest is not reversionary in its character for a direct injury done to tangible property by force, actual or implied, and that a disseizor cannot be sued by the disseizee for such injury while the disseizin continues.

The plaintiff faced the obstacles interposed by both these principles. The defendant claimed and offered evidence to prove that he was in possession of the *locus* long before the cutting was done, and has so remained ever since. If so, the plaintiff was not only not in possession, but, also, assuming that he had

established his claimed title, was in the position of a disseizee at the hands of the defendant. It is apparent, therefore, that the court's instructions, which required of the plaintiff proof of possession, actual or constructive, as a prerequisite to his recovery, were in their application to the situation disclosed by the case correct, unless some statute has provided a redress unknown to the common law. This is all the more apparent in view of the fact, called to the attention of the jury in the court's charge, that the plaintiff had offered no evidence of his actual and exclusive possession of the *locus* at the time the cutting was done, and so was compelled to rely upon proof of title and the absence of actual exclusive possession in another.

This brings us to an examination of § 1097 of the General Statutes, which is the only statute having any bearing upon the situation. The plaintiff contends that it gives to the title owner of land as such a new and independent right of action under circumstances like those disclosed by this case, and one which dispenses with the necessity of proof of the plaintiff's possession to entitle him to recover.

Two Kansas cases are cited in support of this contention, to wit: *Fitzpatrick* v. *Gebhart*, 7 Kan. 35, and *Arn* v. *Matthews*, 39 Kan. 272. It is true that both of these cases were brought claiming treble damages by force of a statute very similar to ours, and that it was held in them that proof of possession in the plaintiff was not a prerequisite to recovery. But they were actions by a landlord against his tenant for the latter's injury to the landlord's reversionary interest. The language of the court in its opinions must be read in the light of that fact, and when so read furnishes support to no other proposition than that proof of the plaintiff's possession is not necessary in such a case

to entitle him to a recovery of the treble damages as prescribed in the statute. It is nowhere said that the statute provides a new and independent remedy, or does more than to prescribe the measure of damages recoverable by the injured party in an appropriate action for the redress of the wrong.

The authorities, as far as we have observed them, hold, with substantial unanimity, that statutes similar to ours do not give a new and independent right of action, and that their sole office is to prescribe the measure of damages in cases where compensatory damages would, in the absence of the statute, be recoverable. *Montgomery* v. *Edwards*, 45 Vt. 75, 78; *Hathaway* v. *Goslant*, 77 Vt. 199, 205; *Yocum* v. *Zahner*, 162 Pa. St. 468, 475, 29 Atl. 778; *Eklund* v. *Lewis Lumber Co.*, 13 Idaho, 581, 584, 92 Pac. 532. In two cases we have practically, although not expressly, so decided. *Plumb* v. *Griffin*, 74 Conn. 132, 135, 50 Atl. 1; *Eldridge* v. *Gorman*, 77 Conn. 699, 701, 60 Atl. 643. The only case we have found which will by possibility bear a contrary construction is *Achey* v. *Hull*, 7 Mich. 423, the opinion in which is neither clear nor convincing.

To hold that the statute creates a new and independent right of action and gives to an owner of land as such a right of recovery for a wrong done to it, would be to permit the title to the property, upon which the alleged wrong was committed, to be put in issue in every action wherein the special statutory damages were sought and to put the plaintiff in every such case to proof of his title. Thus the personal action brought for the recovery of damages would become one necessarily calling for an adjudication of title. In this connection it is to be noted that the statute does not provide that the owner of the land may recover the statutory damages. Its language is that the wrong-doer shall pay those damages to "the party injured."

By "the party injured" is, of course, meant the party legally injured, and that necessarily means some one to whom the law affords redress. "An injury is a wrong; and for the redress of every wrong there is a remedy: a wrong is a violation of one's right; and for the vindication of every right there is a remedy. Want of right and want of remedy are justly said to be reciprocal. Where therefore there has been a violation of a right, the person injured is entitled to an action." *Parker* v. *Griswold*, 17 Conn. 288, 303.

The only other assignment of error relates to the charge in the matter of the measure of damages. As the judgment for the defendant must stand, there is no occasion for the consideration of that assignment.

There is no error.

In this opinion the other judges concurred.