NEWPORT YACHT CLUB, INC. *vs.* JOHN D. DEOMATARES *et al.*

MAY 29, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is a bill in equity to enjoin the respondents from mooring their fishing boats to the east face of the dock at the city yard in the city of Newport. After a hearing in the superior court on bill, answer, replication and proof a final decree was entered granting the complainant's prayers for a permanent injunction. The cause is before this court on the respondents' appeal from that decree.

The complainant alleges that on April 4, 1957 it was granted a lease by the city of Newport for the term of 15 years of a certain parcel of land measuring 105 feet square and situated at the southeast corner of the city yard; that in addition the lease provided that complainant was to have control of 215 feet of the easterly face of the city yard beginning at the southeast corner thereof and running in a northerly direction; and that on or about April 5, 1957 it entered upon and took possession of the premises under the terms of the lease and has ever since been exercising control over said premises and easterly face.

The complainant further alleges that respondents have moored and continue to moor their boats to the east face

in violation of its rights to have said east face kept free and unobstructed for its own use; that it has notified respondents by mail that it was exercising control thereof and that mooring boats without its consent would lead to legal proceedings; that in spite of such notices respondents have used and appropriated to their own use the area in question; and that it believes that respondents intend to continue to do so.

In their answer respondents deny complainant's right to control the portion of the east face in question. They admit that they have moored and continue to moor their boats to a certain portion thereof and they aver that they intend to continue so doing unless it is determined by the proper tribunal that they have no right to do so. In addition they set up an affirmative defense by their averment that by deed dated June 8, 1960 Leo B. Amado conveyed to two of the respondents a portion of one of the lots delineated on a certain plat of Gravelly Point as contained in original records of the Proprietors of Long Wharf, and that by virtue of such conveyance respondents thereby acquired the right to use the east face of the dock in common with the other present owners of the lots delineated on said plat of Gravelly Point.

The respondents introduced in evidence a certified copy of a Bargain and Sale deed from Amado to respondents Deomatares and Fatulli, which was duly executed, acknowledged and recorded in the land evidence records of the city of Newport. Said deed purported to convey title to the easterly portion of lot No. 4 on the original Gravelly Point plat.

It appears from the evidence that for many years the respondents have been mooring their boats to the east face within approximately a 40-foot area at the northern end of the 215-foot section; that they and others have done so without charge and with the approval of the city; that for many years it had been the custom of fishermen to moor

their boats to the east face, except that when the barges were there the fishermen would tie up to the barges; and that the city never did anything to terminate said approval.

After the hearing the trial justice filed a rescript in which he carefully reviewed the evidence and the opposing contentions. He pointed out that the Amado deed was dated approximately three weeks after the service of the subpoenas upon respondents, that he was not at all satisfied it conveyed to these respondents any interest in any land on Gravelly Point because there was no evidence that Amado had any interest there to convey, and in addition that there was no other evidence of title in these respondents.

After finding that the evidence overwhelmingly supported the validity of the lease, he concluded that respondents had no standing whatsoever. He based such conclusion on his finding that respondents for years had been permitted by the city to use the east face without charge and that they had now become trespassers. In such circumstances he held as a matter of law that because of the continuing nature of the trespasses by respondents, it was proper for equity to take jurisdiction. Accordingly a final decree was entered permanently enjoining respondents from interfering with complainant's control of the 215-foot section.

The respondents contend that such decree is against the law and the evidence and the weight thereof and that it fails to do justice between the parties. After carefully examining the record we are unable to agree with these contentions. The finding that they were using said east face for many years with the city's permission and without charge is supported by the evidence. There is also evidence in the record indicating that complainant was in possession of, and exercised control over, the entire 215-foot section. The contention of respondents to the contrary is without merit. See *Thompson* v. *Sullivan*, 88 R. I. 305, 148 A.2d 130, which established the city's right to control the 215-foot section and which held that such right was properly

the subject of a leasehold interest unless otherwise prohibited.

In the circumstances respondents' contention that injunctive relief was not the proper remedy is lacking in merit. In our opinion, on the basis of the record before him, the trial justice was justified in assuming equity jurisdiction in order to prevent continuing and repeated trespasses. See *Raposa* v. *Guay*, 84 R. I. 436, 444. See also 4 Pomeroy, Eq. Jur. (5th ed.) §1357, p. 964.

Finally, the respondents argue that a deed of conveyance of land in fee duly executed, acknowledged and recorded is prima facie evidence of title. They quote certain language in *Butler* v. *Taylor*, 86 Me. 17, and *Thurston* v. *McMillan*, 108 Me. 67, to support their claim on this point. They contend that by introducing in evidence a certified copy of the Amado deed they have met their burden of proving ownership of lot No. 4 and that therefore, by virtue of such ownership, they have a right to moor to said east face. They claim that the Amado deed was a deed of conveyance; that it raised a presumption that the grantor had title; and that said presumption has not been rebutted.

We are unable to agree with the respondents' conclusion. It is well settled that the findings of a trial justice in a case such as this are entitled to great weight and will not be disturbed by this court unless they are clearly wrong or fail to do justice between the parties. *McDonough* v. *McDonough*, 88 R. I. 243, 248, 146 A.2d 234, 237. The circumstances surrounding the execution and delivery of the Amado deed apparently rebutted in the trial justice's mind the presumption of title raised by the introduction of a copy of that deed in evidence. It is therefore our opinion that his finding that the respondents did not have an interest in any land on Gravelly Point is supported by the evidence and consequently we cannot say that he was clearly wrong in so finding.

The appeal of the respondents is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Sheffield & Harvey, Richard B. Sheffield,* for complainant.

*Moore, Virgadamo, Boyle & Lynch, Jeremiah C. Lynch, Jr.,* for respondents.