[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE #111
 FACTS
On May 8. 2000, the plaintiffs, Leonard Rossicone and Mary Rossicone (collectively the Rossicones) and LNJS Realty (LNJS), filed a four count complaint against the defendant, town of Old Saybrook. This action arises out of injuries and losses allegedly sustained as a result of the defendant causing the flooding of parcels of land owned by the plaintiffs. Specifically, it is alleged that the Rossicones and LNJS each owned separate parcels of land in the town of Old Saybrook, Connecticut and that the defendant owned a parcel of land contiguous with the Rossicone and LNJS parcels. It is alleged that on or about May 7, 1998, the defendant ordered or permitted the construction of a parking lot on its parcel and, in connection therewith, directed the dumping of several hundred cubic yards of asphalt and other materials in an area adjacent to both the Rossicone and LNJS parcels. It is further alleged that the construction and dumping of materials was undertaken without the implementation of any surface water drainage system for the adjacent area.
Prior to the initiation of construction, the adjacent area was situated lower in grade than the plaintiffs' parcels and, as a result, allowed for surface water drainage which flowed naturally from the plaintiffs' lots over the adjacent area, providing continuous and uninterrupted drainage. As a result of the construction of the parking lot and the attendant dumping of materials on the adjacent area, the adjacent area became higher than the plaintiffs' parcels. This change in grade obstructed any drainage from the plaintiffs' parcels over the adjacent area. As a further result in the change of grade, surface water from the adjacent area began to flow onto the plaintiffs' parcels. The combined effect of obstructed drainage and incoming surface water caused uncontrolled flooding of the plaintiffs' parcels. (Plaintiff's Memorandum of Law in Support of Motion to Strike, pp. 1-3.) CT Page 15402
Counts one and three, brought by the Rossicones and LNJS respectively, allege absolute private nuisance against the defendant. Counts two and four are brought by the Rossicones and LNJS respectively and allege trespass against the defendant. In each of the four counts the plaintiffs allege that the construction of the parking lot caused and continues to cause a nuisance affecting the peaceful enjoyment and impairing the use of their parcel due to land erosion, water accumulation, damage to landscaping and buildings, and the dangerous condition of the structures situated thereon.
On July 13, 2000, the defendant filed a revised answer and special defenses. The defendant filed six special defenses to the allegations of the complaint, two each as to counts one and three and one each as to counts two and four. As to all four counts, the defendant asserts the special defense of governmental immunity and, additionally, as to counts one and three, the defendant asserts the special defense of assumption of risk.
On June 20, 2002, the plaintiffs' filed a motion to strike each of the defendant's special defenses, accompanied by a memorandum. On July 10, 2002, the defendant filed a memorandum in opposition to the motion to strike.
 DISCUSSION
The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.)Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual AssuranceCo., 242 Conn. 375, 378, 698 A.2d 859 (1997). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Macomber v. TravelersProperty and Casualty Corp., 261 Conn. 620, 629, 804 A.2d 180 (2002). "A party wanting to contest the legal sufficiency of a special defense may do so by filing a motion to strike." Barasso v. Rear Still Hill Road. LLC,64 Conn. App. 9, 13, 779 A.2d 198 (2001). CT Page 15403
A. Counts One and Three
Counts one and three, brought by the Rossicones and LNJS respectively, allege absolute private nuisance against the defendant. As to both counts, the defendant asserts the special defenses of governmental immunity and assumption of risk.
1. Governmental Immunity
 The defendant originally maintained that counts one and three were barred by the doctrine of governmental immunity pursuant to both common law and General Statutes § 52-557n. In the defendant's memorandum in opposition to the plaintiffs' motion to strike the special defenses, however, the defendant concedes that "governmental immunity is not a proper defense to a nuisance action." (Defendant's Memorandum in Opposition to Motion to Strike. p. 1 n. 1.)
 The plaintiffs' motion to strike the defendant's special defense of governmental immunity as to counts one and three is granted.
2. Assumption of Risk
 The defendant originally maintained that counts one and three were barred by the doctrine of assumption of risk. At oral argument, however, the plaintiffs conceded that their motion to strike the special defense of assumption of risk must be denied.
 The plaintiffs' motion to strike the defendant's special defense of assumption of risk as to counts one and three is denied.
3. Counts Two and Four
 Counts two and four, brought by the Rossicones and LNJS respectively, allege trespass against the defendant. As to both counts, the defendant asserts the special defense of governmental immunity.
 The plaintiffs move to strike the special defense on the ground that governmental immunity is not a proper CT Page 15404 defense to a claim of trespass. The plaintiffs argue that the doctrine of governmental immunity is not a proper defense to a claim of trespass because an act of trespass constitutes an act in excess of statutory authority. (Plaintiffs' Memorandum in Support of Motion to Strike. pp. 10-11.)
 The defendant counters that governmental immunity is a proper special defense to a claim of trespass. The defendant argues that General Statutes § 52-557n
expressly immunizes political subdivisions of the state from liability for damages caused by "[a]cts or omissions of any employee, officer or agent which constitute . . . actual malice or willful misconduct." General Statutes § 52-557n (a) (2). The defendant further argues that "willful misconduct" is analogous to intentional misconduct and that because an action for trespass necessarily denotes an intentional act, the defendant is entitled to immunity. (Defendant's Memorandum, pp. 2-3.)
The essential elements of a trespass action are: (1) ownership or possessory interest in the land by the plaintiff; (2) invasion, intrusion or entry by the defendant affecting the plaintiff's exclusive possessory interest; (3) done intentionally; and (4) causing direct injury."Abington Ltd. Partnership v. Talcott Mountain Science Center,43 Conn. Sup. 424, 427, 657 A.2d 732 (1994), quoting Avery v. Spicer,90 Conn. 576, 579, 98 A.2d 135 (1916). "[A] trespass need not be inflicted directly on another's realty, but may be committed by discharging foreign polluting matter at a point beyond the boundary of such realty. . . . In order that there may be a trespass . . . [i]t is enough that an act is done with knowledge that it will to a substantial certainty result in the entry of the foreign matter [on the property]." (Internal quotation marks omitted.) Coggins v. Waterbury, Superior Court, judicial district of Waterbury, Docket No. CV 01 0163783 (July 12, 2001, Doherty, J.).
"[W]here . . . the plan of construction [adopted] is such as necessarily results in a nuisance to abutting property owners, or is so obviously inadequate as necessarily to result in a direct trespass upon their property. the municipality cannot claim immunity, since such a result would constitute an appropriation of property without compensation." (Internal quotation marks omitted.) Peterson v. Oxford,189 Conn. 740, 748-49, 459 A.2d 100 (1983), quoting Spitzer v.Waterbury, 113 Conn. 84, 89, 154 A.2d 157 (1931). CT Page 15405
The plaintiffs' motion to strike the special defense of governmental immunity as to counts two and four is granted.
 CONCLUSION
The plaintiffs' motion to strike is: (1) denied as to the defense of assumption of risk asserted with respect to counts one and three; (2) granted as to the defense of governmental immunity asserted with respect to counts one and three; and (3) granted as to the defense of governmental immunity asserted with respect to counts two and four.
BY THE COURT
Kevin E. Booth, J. CT Page 15406