DECISION
This case comes before this Court by way of a complaint filed pursuant to the Rhode Island Uniform Declaratory Judgment Act on January 11, 2000. G.L. 1956 § 9-30-1 et. seq. Plaintiff Ronald R. Fatulli petitions this Court to declare the rights and obligations of himself and Defendant Bowen's Wharf Co. Inc. under a right of first refusal agreement executed by the parties in 1969. The Rhode Island Uniform Declaratory Judgments Act, provides that:
 "[a]ny person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder." Section 9-30-2.
 I FACTS TRAVEL
On November 30, 1967, George H. Piltz agreed to lease to Plaintiff, and the now-deceased Raymond Fatulli, a wharf in Newport, Rhode Island (the wharf). On August 15, 1969, Piltz sold two parcels of land (Parcels A and B) and the wharf to Plaintiff and Raymond Fatulli. Plaintiff paid $150,000 for the property. On that same day, Plaintiff sold Parcel B to Defendant for *Page 2 
$100,000. One week later, on August 21, 1969, Plaintiff executed a right of first refusal agreement (the agreement) with Defendant for Parcel A, the wharf, and the lobster business. The parties recorded the agreement in the Newport Land Evidence Records that day. The agreement permitted Defendant to purchase the property "at the same price and upon the same terms, provisions, and conditions as shall be contained in any written bona fide offer for the purchase thereof." (Joint Ex. A.) The agreement did not provide for an expiration date.
Decades later, the parties discussed the agreement. Defendant claims that during the 1990s Plaintiff assured Defendant that the agreement was still operative. In any event, the parties could not agree, and on January 11, 2000, Plaintiff filed a complaint for a declaratory judgment in this Court. Defendant responded on February 3, 2000, filing an Answer and asserting numerous affirmative defenses and counterclaims. Count I of Defendant's Counterclaim claims breach of the agreement. Count II of Defendant's Counterclaim claims promissory estoppel. Like Plaintiff, Defendant also seeks a declaration on the rights and obligations of the parties pursuant to the agreement. The trial was held on April 20, 2009. The parties subsequently filed their respective post trial memoranda.
 II STANDARD OF REVIEW
Rule 52(a) of the Superior Court Rules of Civil Procedure provides that "[i]n all actions tried upon the facts without a jury . . . the court shall find the facts specially and state separately its conclusions of law thereon." Super. R. Civ. P. 52(a). In a non-jury trial, "the trial justice sits as a trier of fact as well as law."Parella v. Montalbano, 899 A.2d 1226, 1239 (R.I. 2006) (quoting Hood v. Hawkins, 478 A.2d 181, 184 (R.I. 1984)). "Consequently, he weighs and considers the evidence, passes upon the credibility of the witnesses, and draws proper *Page 3 
inferences." Id. (quoting Hood, 478 A.2d at 184). The trial justice may also "`draw inferences from the testimony of witnesses, and such inferences, if reasonable, are entitled on review to the same weight as other factual determinations.'" DeSimone Elec.,Inc. v. CMG, Inc., 901 A.2d 613, 621 (R.I. 2006) (quotingWalton v. Baird, 433 A.2d 963, 964 (R.I. 1981)).
Furthermore, "[w]hen rendering a decision in a non-jury trial, a trial justice `need not engage in extensive analysis and discussion of all the evidence. Even brief findings and conclusions are sufficient if they address and resolve the controlling and essential factual issues in the case.'" Parella, 899 A.2d at 139
(quoting Donnelly v. Cowsill, 716 A.2d 742, 747 (R.I. 1998) (citation omitted)). The trial justice need not "categorically accept or reject each piece of evidence in his decision for [the Supreme] Court to uphold it because implicit in the trial justices [sic] decision are sufficient findings of fact to support his rulings." Notarantonio v. Notarantonio, 941 A.2d 138, 147
(R.I. 2008) (quoting Narragansett Elec. Co. v. Carbone,898 A.2d 87, 102 (R.I. 2006)). In non-jury cases, our Supreme Court is "deferential to the trial justice's findings of fact and give[s] them great weight." Cathay Cathay, Inc. v. Vindalu, LLC,962 A.2d 740, 745 (R.I. 2009). Accordingly, if the trial justice's decision "reasonably indicates that [he or she] exercised independent judgment in passing on the weight of the [evidence] it will not be disturbed on appeal unless it is clearly wrong or otherwise incorrect as a matter of law." Now Courier, LLC v.Better Carrier Corp., 965 A.2d 429, 434 (R.I. 2009) (quotingNotarantonio, 941 A.2d at 144-45 (citation omitted)).
 III DISCUSSION
Plaintiff claims the agreement expired pursuant to G.L. 1956 § 34-4-26, which provides for the expiration of rights of first refusal ten (10) years after execution if the right does not expire *Page 4 
by its own terms. Defendant claims that § 34-4-26 does not apply to the agreement for two reasons. First, Defendant argues that the statute does not apply because the right concerns the purchase of "mixed property," not solely real estate. Second, Defendant argues that the statute is designed to put third parties on notice of encumbrances, not to provide safe harbor for contracting parties who wish to be released from their obligations; and that as such, applying the statute in this case would be in contravention of the statute's policy.
1. The Right of First Refusal Was Not Created Under ALease
Where a right of first refusal is created under a lease, the right expires pursuant to § 34-4-26 either by its own terms or upon termination or expiration of the lease. If the right of first refusal is not created under a lease, the right expires pursuant to § 34-4-26 either by its own terms or ten (10) years after its creation. Here, the right of first refusal agreement between Plaintiff and Defendant was not created under a lease. The agreement arose in relation to Defendant's purchase of Parcel B. As such, the ten (10) year limitation applies to this agreement.
2. The Right of First Refusal Has Expired
 a. The Expiration Statute Applies To The Subject Matterof This Transaction
Defendant's first argument must fail because, although law on the topic is rare, a wharf or dock may properly be characterized as real property. General principles of law support such a finding:American Jurisprudence states that "[t]he lessor and lessee of a wharf have many of the same protections as a landlord and tenant." 79 Am. Jur. 2d. Wharves § 26. Further, title to a wharf, like title to real property, may be acquired by adverse possession.Id. at § 25. Rhode Island case law also supports the proposition: In Newport Yacht Club, Inc. v. Deomatares, our Supreme Court upheld the trial justice's ruling that treated a dock like real property. 93 R.I. 60, *Page 5 171 A.2d 78 (R.I. 1961). Our Supreme Court upheld the finding that the defendants continually and repeatedly trespassed upon plaintiff's property by mooring their boats in an area plaintiff had leased from the city. Id. at 63-64, 171 A.2d at 79 (R.I. 1961).
Defendant argues that Moss v. Rocky Point Park, Inc. is instructive. 81 R.I. 327, 103 A.2d 72 (1954). There, the issue was whether the sale of land on which Rocky Point Amusement Park was located properly included the sale of the "Tumblebug" ride.Id. Our Supreme Court held that the ride was personalty and upheld the trial justice's finding of conversion by the defendant seller, reasoning that "the ride was subject to assembly by nuts and bolts . . . [and] could be dismantled . . . without substantial damage to the land." Id. at 333, 103 A.2d at 76. Most tellingly, "[t]here [was] no convincing evidence that plaintiff or any of the previous owners and operators of the park intended or ever considered that the ride was affixed as a permanent improvement to the land." Id.
Defendant's application of the Moss rule is unavailing.81 R.I. 327, 103 A.2d 72. It is unlikely that a wharf can be dismantled and reassembled as easily — and as frequently — as a small amusement park ride. Id. at 333, 103 A.2d at 76. This Court is likewise unable to decide that dismantling a wharf would occur "without substantial damage to the land." Id. Lastly, the intent of the parties is converse to that of the Moss
parties. Id. Instead of subjecting the property to numerous individual transactions like the Moss parties did with the Tumblebug, the parties here never transacted with the wharf alone.Id., 103 A.2d at 72. Plaintiff's lease of the wharf from Piltz included the lease of Parcels A and B; Plaintiff's purchase of the wharf from Piltz included the purchase of Parcels A and B; and the parties' right of first refusal agreement concerned the wharf, Parcel A, and the lobster business. These facts lead the court to conclude that the parties "intended or . . . considered that the [wharf] was affixed as a permanent *Page 6 
improvement to the land." Id., 103 A.2d at 76.
Even if the wharf were to be characterized as personalty, Defendant still has not convinced this Court that that fact makes a difference in the analysis. It is undisputed that the agreement concerns the wharf, the business, and Parcel A. Defendant cited no case law on the proposition that § 34-4-26 — or any other statute governing real property — does not apply to "mixed transactions." This Court finds that § 34-4-26's application to the right of first refusal to purchase a parcel of real estate is not fatally diluted by the fact that the right also applies to a business and a wharf.
b. The Expiration Statute Applies Here
Defendant next argues that § 34-4-26 is a "Notice Statute" and as such is only intended to protect third parties regarding the rights and interest of the signatories, not to enable a signatory to void an obligation. This argument must also fail because the statute is clear and unambiguous on its face, which means "there is no room for statutory construction and we must apply the statute as written."Planned Environments Mmgt. Corp. v. Robert, 966 A.2d 117, 121
(R.I. 2009) (internal quotations omitted). The statute declares that "a right of first refusal to purchase real estate . . . shall expire (10) years after the date of execution." Section 34-4-26.
Defendant correctly asserts that notwithstanding recordation defects, a land-use restriction may still be enforceable between the contracting parties and even third parties. In re Barnacle,623 A.2d 445, 446 (R.I. 1993). The Court finds this proposition inapposite because there are no recordation defects here, and the Court is unprepared to definitively categorize § 34-4-26 as a Notice Statute. The issue is not whether the agreement is enforceable generally but rather whether the agreement is operative indefinitely pursuant to § 34-4-26. This Court finds that § 34-2-26 applies to the agreement at issue, and that the agreement is therefore expired. *Page 7 
 CONCLUSION
This Court declares that the parties' right of first refusal agreement expired in 1979. Accordingly, Plaintiff is not obligated to offer Parcel A, the wharf, or the lobster business to Defendant in the event of a bona fide third party's offer. Counsel for the Plaintiff shall prepare an order for entry.